STATE OF NORTH CAROLINA v. LEVI MITCHELL, JR.

No. 22

(Filed 6 November 1979)

**Criminal Law §§ 91, 181— application for post-conviction relief—authority to schedule hearing**

The district attorney does not have the authority and responsibility to schedule the hearing for an application for post-conviction relief (motion for appropriate relief); rather, the trial judge has the authority and sole responsibility to schedule such a hearing. G.S. 15-217.1.

Justice BROCK did not participate in the consideration or decision of this case.

Justice CARLTON concurring.

Chief Justice BRANCH and Justice HUSKINS join in the concurring opinion.

ON petition for a writ of certiorari by the State from the order of *Riddle, S.J.* at the 15 January 1979 Session of RUTHER-FORD County Superior Court granting the defendant a new trial. The defendant was charged in three separate indictments, all proper in form, with three counts of forgery and uttering forged checks. On 8 August 1978, defendant pled guilty before *Howell, J.* in Rutherford County Superior Court to three counts of uttering forged checks and was sentenced to imprisonment for ten years on each count with the sentences to run concurrently.

On 2 October 1978, defendant filed an application for a post-conviction hearing (motion for appropriate relief) on the ground that his attorney had promised him that he would be given probation if he pled guilty and would not serve any time in prison. On 1 November 1978, Jackson, J. appointed J. Nat Hamrick of the Rutherford County Bar to represent defendant on his petition and ordered a hearing to be held on 8 November 1978.

Hamrick was not successful in getting the matter heard on 8 November 1978 or for the remainder of 1978. He unsuccessfully attempted to have the district attorney's office set the matter for hearing at the 15 January 1979 Mixed Session of Rutherford County Superior Court. Hamrick asked Riddle, S.J., who was assigned to hold that session of court, to hear the matter and advised the district attorney's office of the request. Riddle, S.J.,

agreed to hear the matter at the conclusion of jury trials for that week. District Attorney Lowe delivered a letter to Riddle, S.J. on 15 January 1979 stating that his office had been advised on 12 January 1979 that Riddle, S.J. had been requested to hear the matter at the 15 January 1979 Mixed Session of Court. Mr. Lowe stated that his office had not scheduled the matter for hearing at the 15 January 1979 Session because he and the members of his staff would be holding a criminal session of court in McDowell County during that week. On that date District Attorney Lowe had three assistants. We take notice of the fact that no criminal court was held in the Twenty-ninth District on Friday, 19 January 1979, in District or Superior Court, except for a criminal session of District Court in Rutherford County. On Thursday afternoon, 18 January 1979, Riddle, S.J. advised Hamrick that he would hear the matter the next day after the conclusion of the last case for that session. Hamrick called the district attorney's office and advised them concerning when Riddle, S.J. planned to hear the matter. There was apparently no further communication from the district attorney's office.

No one from the district attorney's office was present at the hearing. Riddle, S.J. heard the defendant's evidence and granted a new trial. The State petitioned the Court of Appeals for an order granting supersedeas which was denied by that Court. We granted the State's petition for a writ of certiorari.

*Attorney General Rufus L. Edmisten by Assistant Attorney General Joan H. Byers for the State.*

*J. Nat Hamrick for the defendant.*

COPELAND, Justice.

The sole issue presented in this appeal is whether a trial judge has the authority and responsibility to schedule a matter for hearing or whether all authority and responsibility for scheduling hearings on post-conviction motions rest with the district attorney's office.

G.S. 7A-61 provides that the district attorney "shall prepare the trial dockets." However, that statute does not mean that a judge is without authority to schedule a matter for a hearing in

court. G.S. 15-217.1 speaks specifically to the procedure applicable to the review of criminal trials. It provides in relevant part that:

> "The proceeding shall be commenced by filing with the clerk of superior court of the county in which the conviction took place a petition, with two copies thereof, verified by affidavit . . . .
>
> The clerk shall place the petition upon the criminal docket upon his receipt thereof. The clerk shall promptly after delivery of copy to the district attorney bring the petition, or a copy thereof, to the attention of the resident judge or any judge holding the courts of the district or any judge holding court in the county. *Such judge shall review the petition and make such order as he deems appropriate with respect to* permitting the petitioner to prosecute such action without providing for the payment of costs, with respect to the appointment of counsel, and with respect to *the time and place of hearing upon the petition.*" G.S. 15-217.1 (Emphasis added.)

Therefore, we hold that a trial judge has the authority and sole responsibility to schedule the hearings on these post-conviction motions.

The Criminal Procedure Act provides in relevant part that when a motion for appropriate relief is made in written form and is made more than ten days after entry of judgment, then service of the notice of hearing "must be made not less than five working days prior to the date of the hearing." G.S. 15A-1420(a)(2). The specific date for the hearing in this case was not actually determined until the day before the hearing was held. However, we hold that, on the facts of this case, the district attorney had at least five working day's notice that the trial judge planned to hear the case at the end of the 15 January 1979 session of court.

There was a failure of effective communication in this case. It would have been the better practice for the trial judge to have communicated directly through the court system with the district attorney or a member of his staff rather than indirectly through defense counsel. The notice of hearing should be made orally in court to both parties or in the form of a written order sent to both parties much as Jackson, J. did in his order of 1 November 1978.

The district attorney had the opportunity to be present and to be heard at the hearing but chose not to be there, nor did he request a continuance due to any actual conflict in the scheduled appearances for himself or the members of his staff. There must be cooperation between the district attorney, the trial judge and counsel for the petitioner in these types of hearings in order to make the most effective use of the court's time.

The trial judge held the hearing and granted defendant a new trial. In the actions of the trial judge we find

No error.

Justice BROCK did not participate in the consideration or decision of this case.

Justice CARLTON concurring.

I concur with the result reached by the majority for the reasons stated below. I also want to issue a note of caution to those who wish to preserve our present system of preparing criminal calendars.

The procedures for post-conviction relief, now termed by our statutes as "appropriate relief," have been codified in G.S. 15A-1420. G.S. 15A-1420(a)(1) provides that a motion for appropriate relief must be made in writing unless it falls into an exception which is not applicable here. G.S. 15A-1420(a)(2) and (3) further provide that a written notice of motion for appropriate relief must be served and filed "in the manner provided in G.S. 15A-951(b) [and] (c)." Those sections in turn state: "(b) Each written motion must be served on the attorney of record for the opposing party or upon the defendant if he is not represented by counsel . . . . (c) All written motions must be *filed with the court.*" (Emphasis added.) I find no language in those statutes which gives the district attorney any control over the calendaring of this matter for hearing. Indeed, the clear inference of the statutes places such responsibility on the trial judge and the clerk of court.

I also note that while G.S. 15A-1420 largely replaced the former post-conviction relief statutes, G.S. 15-217 *et seq.*, one sec-

tion of the former law, G.S. 15-217.1, has not been repealed. That unrepealed section provides in pertinent part that

> The *clerk* shall place the petition upon the criminal docket upon his receipt thereof. The clerk shall promptly after delivery of copy to the district attorney bring the petition . . . to the attention of the resident judge or any judge holding the courts of the district or any judge holding court in the county. Such judge shall review the petition and make such order as he deems appropriate with respect to . . . *the time and place of hearing upon the petition.* (Emphasis added.)

I do not think the legislature could have stated it more plainly: Not simply the authority but the responsibility for calendaring post-conviction hearings rests upon the trial court and the clerk of court. Conversely, the district attorney has no statutory control over the calendaring of such matters.

This view is buttressed by further language in G.S. 15-217.1 not mentioned by the majority:

> If it appears to the judge that substantial injustice may be done by any delay in hearing upon the matters alleged in the petition, he may issue such order as may be appropriate to bring the petitioner before the court without delay, *and may direct the district attorney* to answer the petition at a time specified in the order, and the court shall thereupon inquire into the matters alleged as directed by the reviewing judge, as in the case of a writ of habeas corpus. (Emphasis added.)

Whether G.S. 15A-1420 and G.S. 15-217.1 are read separately or together, it appears that the district attorney has been given no authority to calendar post-conviction matters even though he obviously should play an important role in this process.

I share with the majority the view that the State's reliance on G.S. 7A-61 is misplaced. That statute provides, *inter alia,* that the district attorney "shall prepare the trial dockets. . . ." A post-trial hearing is not a "trial" and I do not believe that that statute embraces the proceedings to review criminal trials upon motions for appropriate relief. I would further note that a district attorney's power over even the trial docket is not unlimited. G.S. 7A-49.3, which gives important calendaring responsibility to the

district attorney, also provides at subsection (c), "[n]othing in this section shall be construed to affect the authority of the court in the call of cases for trial." While one federal court has held that G.S. 7A-49.3 sanctions the practice in North Carolina of having the district attorney control the criminal calendar, *see Shirley v. North Carolina,* 528 F. 2d 819, 820 (1975), the fact remains that the wording of the statute posits residual power in the trial court to override this practice.

I mention all of this not in an attempt to resolve the continuing controversy in North Carolina over whether calendar control of criminal cases should be in the court or the district attorney. My purpose is to issue a reminder that many, both judges and attorneys, feel the office of district attorney is vested with powers which they perceive to be excessive. *See N.C. Bar Association Foundation, Administration of Justice Study Committee on Case Docketing and Calendaring and Rotation of North Carolina Superior Court Judges,* FINAL REPORT 54-55 (1978). In light of this and the fact that most jurisdictions place all calendar control in the court or its clerk, not the prosecutor, *ABA Project on Standards for Criminal Justice,* STANDARDS RELATING TO SPEEDY TRIAL § 1.2 Commentary (Approved draft 1968); *Note: Calendar Practice in Criminal Courts—Control by Court or Prosecutor?,* 48 COLUM. L. REV. 61 (1948); *see also, North Carolina Bar Association Foundation, Administration of Justice Study Committee, supra* at 62, 65, a district attorney risks inviting the legislature to scrutinize his calendaring powers and perhaps diminish them if any untoward event in calendaring trials and motions occurs. It is not for me to say whether the present system of calendaring or any threatened change of that system is good or bad. I simply note that this is the kind of case which causes the criticism of our practice, and thus should be the kind of case to zealously guard against.

There are other troublesome aspects to this case. I cannot understand why Judge Riddle did not hear from the attorney who was charged by the defendant with incompetence. A new trial for the defendant has been ordered without hearing from the one person who supposedly caused a violation of defendant's rights at his original trial. Moreover, as the majority notes, trial judges should not send informal notice of hearings of this nature through

defense counsel. Such a practice appears partisan and is unncessary.

For the above reasons I add my concurrence.

Chief Justice BRANCH and Justice HUSKINS join in this concurring opinion.