STATE OF NORTH CAROLINA v. ALLEN LEE LANGFORD

No. 406A86

(Filed 7 April 1987)

1. **Rape and Allied Offenses § 6.1— first degree rape case—employment or display of knife—evidence not conflicting—instruction on second degree rape not required**

    The evidence in a first degree rape case was not conflicting as to whether defendant had "employed or displayed" a knife in his possession to the victim so as to require the trial court to instruct on the lesser offense of second degree rape since (1) defendant's mere failure to recollect whether he had the knife open during the rape created no conflict with the victim's clear and unequivocal testimony that defendant held the open knife to her throat, (2) the victim's response on cross-examination to the question whether she actually saw a knife or whether the knife was "just mentioned" did not create a conflict because it is clear that the victim answered, in effect, that the knife was not just mentioned but that she actually saw the knife as it was placed to her throat.

2. **Rape and Allied Offenses § 2— first degree rape—employment or display of dangerous weapon**

    N.C.G.S. § 14-27.2 does not require a showing that a dangerous or deadly weapon was used in a particular manner in order to sustain a conviction for first degree rape. Instead it requires a showing only that such a weapon was "employed or displayed," and such a weapon has been "employed" within the meaning of the statute when the defendant has it in his possession at the time of the rape.

3. **Criminal Law § 138.7— consecutive life sentence—no retaliation for not guilty plea**

    The trial court's statement that "I'm aware that I could have avoided this trial had I been willing at the outset of the trial to commit myself to concur-

rent sentences" did not show that the court made defendant's life sentence for first degree rape run consecutively to a life sentence entered against defendant in an unrelated rape case in retaliation for defendant's decision to plead not guilty and demand a jury trial in the present case.

**4. Criminal Law § 138.7— consecutive life sentence—no consideration of likelihood of parole**

The trial court's comment during the sentencing hearing that both the prosecutor and defense counsel had "said things that are relevant and ought to be considered in passing judgment" did not show that the trial court agreed with the prosecutor's improper argument concerning the likelihood of parole and that the court's decision to impose a consecutive life sentence in this case was improperly based on the court's consideration of the amount of time defendant was likely to serve in prison under the policies of the Parole Commission.

ON appeal of right by the defendant under N.C.G.S. § 7A-27(a) from judgment entered by *Kirby, J.,* on 6 February 1986 in Superior Court, HENDERSON County, sentencing the defendant to imprisonment for life upon his conviction for first degree rape. Heard in the Supreme Court on 11 March 1987.

*Lacy H. Thornburg, Attorney General, by Henry T. Rosser, Assistant Attorney General,* for the State.

*Malcolm Ray Hunter, Jr., Appellate Defender, by Geoffrey C. Mangum, Assistant Appellate Defender,* for the defendant appellant.

MITCHELL, Justice.

The defendant contends on appeal that he is entitled to a new trial because the trial court erroneously failed to instruct the jury to consider a possible verdict of second degree rape. He further contends that he is entitled to a new sentencing hearing, at least, because the trial court improperly ordered that the life sentence entered in the present case be consecutive to a life sentence previously entered against him in an unrelated case. He asserts that the trial court ordered a consecutive sentence because he exercised his right to trial by jury and because the trial court was dissatisfied with current policies of the Parole Commission. We find no prejudicial error in the defendant's trial or sentence and reject each of his contentions.

A detailed recitation of the evidence introduced at trial is unnecessary for purposes of this opinion. The defendant was

indicted for first degree rape. The victim testified that the defendant, Allen Lee Langford, entered the store where she was employed on three separate occasions between 11:00 p.m. and 2:00 a.m. on the evening of 14 July and the morning of 15 July 1985. On the last occasion, the defendant asked to use the restroom. When he came out of the restroom, the victim was alone in the store replacing a garbage can liner. When she turned around the defendant was standing behind her. He grabbed the victim by the throat with both hands, using enough force to prevent her from breathing or screaming. He told her to be quiet and he would not hurt her. The defendant removed one hand and used it to hold a knife against the victim's throat. He pushed her into the restroom and forced her to have sexual intercourse with him. She testified that she had sexual intercourse with him against her will and as a result of his threats toward her with the knife.

The defendant made an inculpatory statement to police which was introduced into evidence. He admitted that, using a knife, he took the victim into a back room and raped her. He later stated that he had the knife with him but could not remember whether it was open.

The defendant offered no evidence.

The trial court submitted possible verdicts of "guilty of first degree rape" and "not guilty" to the jury. The jury found the defendant guilty of first degree rape. The trial court sentenced the defendant to imprisonment for life, with the sentence to commence at the expiration of a life sentence previously entered against him in another first degree rape case, reported as *State v. Langford*, 319 N.C. 332, 354 S.E. 2d 518 (1987). The defendant appealed to this Court as a matter of right.

[1] The defendant first assigns as error the trial court's refusal to grant his request to instruct the jury to consider a possible verdict of second degree rape. He contends that the evidence was conflicting as to whether he had "employed or displayed" the knife in his possession as contemplated in N.C.G.S. § 14-27.2(a)(2)a (1986).

Portions of the victim's testimony concerning the defendant's use of a knife during the course of the rape were as follows:

Q. Did he have any sort of weapon in his possession?

A. He had the knife at my throat.

Q. What kind of knife did he have?

A. A pocketknife.

Q. Folding pocketknife?

A. Yes sir.

Q. Are you able to say what size blade it had?

A. About three inches.

. . . .

Q. Did this man touch you any place with the blade of the knife?

A. My throat.

On cross-examination, part of the victim's testimony concerning the defendant's use of a knife was as follows:

Q. [D]id you actually see a knife or was the knife just mentioned?

A. No, it was a quick glance as he brought it up.

. . . .

Q. And you testified, as I recall, there was no display of a knife any further?

A. No, he had it at my throat.

. . . .

Q. But you indicated there was no display of a knife. You testified on direct examination that he had his hands around your throat like this?

A. Yes sir.

. . . .

Q. Which hand was he holding the knife in?

A. He let go with one hand, that's when I heard the click and he brought the knife up.

In his inculpatory statement to the police, the defendant stated at one point that he could not remember whether the knife he had in his possession at the time of the rape was open. The defendant argues that this evidence of his lack of recollection, combined with an answer by the victim during cross-examination, created a conflict in the evidence as to whether he "employed or displayed" the knife during the rape. He argues that, as a result, the trial court was required to submit a possible verdict of guilty of the lesser included offense of second degree rape for consideration by the jury. We do not agree.

The defendant's mere failure to recollect whether he had the knife open during the rape created no conflict with the victim's clear and unequivocal testimony that he held the open knife to her throat. Nor was a conflict created in the evidence by the victim's response on cross-examination to the question of whether she actually saw a knife or whether the knife was "just mentioned." This inquiry really posed alternative questions: Was the knife only mentioned, or, instead, did the victim actually see the knife? She responded: "No, it was a quick glance as he brought it up." Taking her answer in light of her other testimony concerning the knife, it is clear she answered, in effect, that the knife was not "just mentioned"; and she actually saw the knife as the defendant brought it to her throat. In fact, she even was able to estimate the length of the open blade before it was placed to her throat. We hold that the evidence was not conflicting as to whether the defendant "employed or displayed" a dangerous or deadly weapon.

[2] The defendant next argues in support of this assignment of error that, even if he "employed or displayed" a dangerous or deadly weapon, the evidence was conflicting as to whether he used it as such. The statute, N.C.G.S. § 14-27.2, does not require a showing that a dangerous or deadly weapon was used in a particular manner in order to sustain a conviction for first degree rape. Instead it requires a showing only that such a weapon was "employed or displayed." *State v. Blackstock*, 314 N.C. 232, 241, 333 S.E. 2d 245, 251 (1985); *State v. Sturdivant*, 304 N.C. 293, 299, 283 S.E. 2d 719, 724 (1981). Further, such a weapon has been "employed" within the meaning of N.C.G.S. § 14-27.2 when the defendant has it in his possession at the time of the rape. *See State v. Fields*, 315 N.C. 191, 337 S.E. 2d 518 (1985) (possession at time

of felony enough to establish "use" of a deadly weapon for conviction of felony murder under N.C.G.S. § 14-17).

The trial court's failure to instruct the jury that they could return a verdict of guilty of the lesser included offense of second degree rape was not error. The defendant's assignment of error in this regard is without merit and is overruled.

The defendant next assigns as error that part of the trial court's judgment directing that the life sentence imposed in this case be consecutive to the life sentence entered against this defendant in an unrelated case. He contends that this was error because the trial court made the sentence consecutive in retaliation for his decision to plead not guilty and demand a jury trial in the present case.

The defendant had an absolute constitutional right to plead not guilty and be tried by a jury. N.C. Const. Art. I, § 24; *State v. Boone*, 293 N.C. 702, 712-13, 239 S.E. 2d 459, 465 (1977). He should not and could not be punished for exercising that right. *Id.* In the present case, though, the record does not support the defendant's contention that his life sentence was made to run consecutive to the sentence in the prior case because he exercised his right to a jury trial.

The defendant's counsel argued to the trial court that the sentence in this case should be served concurrently with the sentence in the defendant's previous case because, among other things, the defendant had recognized his need for help and had cooperated with law enforcement officers and counsel. During his argument to the trial court at the time of sentencing, the prosecutor stated:

> I think that Mr. Langford may have pled guilty if I had agreed to recommend by way of a plea bargain to your Honor that he get concurrent sentences, but, Judge, I could not recommend that and I still don't recommend it to this Court because I don't want the blood of future victims on my hands and I don't want the blood of future victims on the hands of this Court.

[3] The trial court stated during sentencing, among other things, that courts, "try our best when we get here to weigh all the factors that are humane, fair, sensible, society ought to weigh and

pass in judgment." However, the trial court did state at one point: "I'm aware that I could have avoided this trial had I been willing at the outset of the trial to commit myself to concurrent sentences." The defendant points to that statement by the trial court in isolation and contends that it shows that the trial court made the defendant's sentences run consecutively because he exercised his right to plead not guilty. We do not agree.

The trial court's statement that a jury trial could have been avoided had it been willing to commit in advance to a concurrent sentence was merely a statement — albeit an unnecessary statement — of an historical fact. Neither the record as a whole nor the trial court's statement itself indicates that the defendant demanded his right to a jury trial and incurred additional punishment as a result. Instead, the record tends to show that the defendant was forced to plead not guilty and to proceed to trial by jury when the prosecutor and trial court refused to agree in advance to a concurrent sentence. There is no indication in the record that the trial court would have made the sentence concurrent had the defendant pled guilty. The trial court merely refused to decide this issue until it heard the evidence adduced at trial. The record before us simply does not support the defendant's contention that the consecutive sentence was entered by reason of vindictiveness or to penalize him for his exercise of a constitutional right.

[4] The defendant also contends that the trial court erroneously sentenced him to a consecutive life sentence in this case because the decision was based on an improper consideration of the amount of time the defendant was likely to serve in prison under the policies of the Parole Commission. The prosecutor had argued to the trial court that he was troubled by the fact that concurrent sentences would result in the defendant being released "in 20 years if not before." At one point during sentencing the trial court stated: "Both the District Attorney and your Attorney has [sic] said things that are relevant and ought to be considered in passing judgment." The defendant takes this statement by the trial court as a profession that the trial court agreed with the prosecutor's improper argument concerning the likelihood of parole when it ordered a consecutive sentence. Only by a tortured construction of the comment of the trial court, taken in isolation and out of context, can it be read as an expression of the trial court's agreement with the specific statement of the prosecutor

concerning the possibility of parole. We do not construe it as such. This assignment of error is without merit and is overruled.

The defendant received a fair trial free from prejudicial error.

No error.