DAVID SIMEON, PETER ZEGLER, AND OTHERS SIMILARLY SITUATED v. JAMES E. HARDIN, JR., DISTRICT ATTORNEY FOR THE FOURTEENTH PROSECUTORIAL DISTRICT

No. 267PA93

(Filed 30 December 1994)

**1. Courts § 67 (NCI4th); Declaratory Judgment Actions § 13 (NCI4th)— constitutional challenge to statutes—criminal prosecutions—subject matter jurisdiction**

Plaintiffs' pending criminal prosecutions did not deprive the superior court of jurisdiction to consider plaintiffs' constitutional challenge to the statutes which authorize the district attorney to set the criminal trial calendar because the issues raised by plaintiffs could not be authoritatively settled in their individual

criminal cases and the declaratory and injunctive relief sought could not be adequately provided by the criminal court. N.C.G.S. § 7A-245.

**Am Jur 2d, Courts §§ 151 et seq.; Declaratory Judgments §§ 68 et seq.**

**Validity, construction, and application of criminal statutes or ordinances as proper subject for declaratory judgment. 10 ALR3d 727.**

2. **Constitutional Law § 49 (NCI4th); Declaratory Judgment Actions § 6 (NCI4th)— district attorney's calendaring authority—standing to challenge statutes**

Plaintiffs did not lack standing to challenge the statutes which authorize the district attorney to set the criminal trial calendar because their criminal cases were no longer pending at the time of the hearing on the district attorney's motion to dismiss where plaintiffs were both awaiting trial on criminal charges at the time they filed their complaint; plaintiffs alleged injuries suffered as a result of the district attorney's abuse of his calendaring authority; an actual controversy therefore existed between plaintiffs and the district attorney at the time their complaint was filed; and plaintiffs' standing when their complaint was filed was not affected by subsequent events.

**Am Jur 2d, Constitutional Law § 190; Declaratory Judgments §§ 25, 26.**

3. **Actions and Proceedings § 10 (NCI4th); Courts § 2 (NCI4th)— challenge to district attorney's calendaring authority—PJC on criminal charge—claim not moot**

Plaintiff Simeon's claim challenging the statutes which authorize the district attorney to set the criminal trial calendar was not rendered moot when plaintiff pled guilty to two misdemeanor assault charges and was sentenced to time served on one count and received a PJC on the other, since the district attorney remains free to pray for judgment against plaintiff on the PJC count at any time; plaintiff thus faces possible future exposure to the district attorney's calendaring practices; and this circumstance is sufficient to give plaintiff a litigable interest in resolving the issues presented in his claim.

**Am Jur 2d, Actions § 56; Courts § 75.**

SIMEON v. HARDIN

[339 N.C. 358 (1994)]

### 4. Actions and Proceedings § 10 (NCI4th); Parties § 82 (NCI4th)— class action—mootness of one plaintiff's claim—continued representation of class

Assuming that plaintiff Zegler's claim challenging the statutes which authorize the district attorney to set the criminal trial calendar was rendered moot when the criminal charges against this plaintiff were dismissed, this case belongs to that narrow class of cases in which the termination of a class representative's claim does not moot the claims of unnamed members of the class since it is unlikely that an individual could have the constitutional challenge to the district attorney's calendaring authority decided before being either released or convicted; other persons similarly situated will be detained under the allegedly unconstitutional procedure; and the claim is thus one that is "capable of repetition, yet evading review." Accordingly, should this action be certified as a class action by the trial court, plaintiff Zegler may continue to represent the interests of the class of similarly situated criminal defendants alleged in plaintiffs' complaint.

**Am Jur 2d, Actions § 56; Parties §§ 43 et seq.**

### 5. Constitutional Law § 31 (NCI4th)— constitutionality of procedural rules—jurisdiction of state courts

The General Assembly is not authorized to enact procedural rules that violate substantive constitutional rights, and it remains the duty of the state courts to provide a forum for individuals claiming that procedural rules abridge such rights. N.C. Const. art. IV, § 13(2).

**Am Jur 2d, Constitutional Law §§ 326-330.**

### 6. Courts § 60 (NCI4th); District Attorneys § 4 (NCI4th)— calendaring authority of district attorney—constitutionality of statutes—jurisdiction of superior court

The superior court is empowered to review the constitutionality of the statutes which prescribe the duties of the district attorney and to fashion an appropriate remedy should such statutes violate the Constitution.

**Am Jur 2d, Courts §§ 87 et seq.; Prosecuting Attorneys §§ 19-32.**

SIMEON v. HARDIN

[339 N.C. 358 (1994)]

7. **District Attorneys § 4 (NCI4th)— calendaring authority of district attorney—no facial vesting of judicial power by statutes**

The statute authorizing the district attorney to set the criminal trial calendar, N.C.G.S. § 7A-49.3, the portion of N.C.G.S. § 7A-61 which provides that the district attorney "shall prepare the trial dockets," and the portion of N.C.G.S. § 15A-931 which provides that "the prosecutor may dismiss any charges stated in a criminal pleading by entering an oral dismissal in open court before or during the trial, or by filing a written dismissal with the clerk at any time" do not, on their face, vest the district attorney with judicial powers in violation of the separation of powers clause or intrude upon the trial court's inherent authority since the ultimate authority over managing the trial calendar is retained in the court, and these statutes simply carry out the General Assembly's constitutional mandate to prescribe "such other duties" as are necessary for the district attorney to fulfill the responsibility of prosecuting criminal actions on behalf of the State.

**Am Jur 2d, Prosecuting Attorneys §§ 19-32.**

8. **District Attorneys § 4 (NCI4th)— calendaring authority of district attorney—no facial constitutional violation**

The statutes authorizing the district attorney to calendar criminal cases for trial, prepare the criminal trial dockets, and dismiss criminal charges against defendants do not authorize the district attorney to choose a particular judge to preside over a particular criminal case and are not facially invalid under the Due Process Clause of the U.S. Constitution or the law of the land, open courts, or criminal jury trial clauses of the N.C. Constitution.

**Am Jur 2d, Prosecuting Attorneys §§ 19-32.**

9. **District Attorneys § 4 (NCI4th)— calendaring authority of district attorney—unconstitutional application by district attorney—genuine issue of material fact**

Plaintiffs' amended complaint and exhibits raised a genuine issue of material fact as to whether statutes authorizing the district attorney to calendar criminal cases for trial, prepare criminal trial dockets, and dismiss criminal charges against defendants are being applied in the Fourteenth Prosecutorial District in a

**SIMEON v. HARDIN**

[339 N.C. 358 (1994)]

manner violative of the Due Process Clause of the U.S. Constitution and the law of the land, open courts, and jury trial clauses of the N.C. Constitution where plaintiffs alleged that the district attorney delayed calendaring the first plaintiff's case for trial for the tactical purpose of keeping him in jail, delaying a trial at which he was likely to be acquitted, and pressuring him into entering a guilty plea; the second plaintiff incurred unnecessary witness-related expenses because his case was calendared repeatedly but was never called for trial; the district attorney purposely delays calendaring cases for trial for the purpose of exacting pretrial punishment and pressuring other criminal defendants into pleading guilty; pursuant to N.C.G.S. § 7A-49.3(a1), which allows the district attorney to announce the order of cases for trial on the first day of a criminal session, the defense bar is given less than one day's notice of the order in which cases will be called, and the district attorney calls cases out of the order noted on the printed calendar; the district attorney places a large number of cases on the printed trial calendar with knowledge that all of these cases will not be called, thereby providing defendants virtually no notice of which cases are actually going to be called for trial; and this tactic is often employed by the district attorney in an attempt to surprise defense counsel, thus impairing the quality of criminal defendants' legal representation. U.S. Const. amend. XIV; N.C. Const. art. I, §§ 18, 19, and 24.

## Am Jur 2d, Prosecuting Attorneys §§ 19-32.

On discretionary review pursuant to N.C.G.S. § 7A-31 prior to determination by the Court of Appeals of an order granting defendant's motion to dismiss entered by Farmer, J., on 15 March 1993 in Superior Court, Durham County. Heard in the Supreme Court 10 October 1994.

*N.C. Prisoner Legal Services, Inc., by Paul M. Green, Ollie Taylor, and Marvin Sparrow, for plaintiff-appellants.*

*Michael F. Easley, Attorney General, by David Roy Blackwell, Special Deputy Attorney General, and Debra C. Graves, Assistant Attorney General, for defendant-appellee.*

*Harry C. Martin, Louis D. Bilionis, and David S. Rudolf, on behalf of the North Carolina Academy of Trial Lawyers, the North Carolina Association of Public Defenders, and the National Association of Criminal Defense Lawyers, amici curiae.*

**SIMEON v. HARDIN**

[339 N.C. 358 (1994)]

*Charles E. Burgin, President, for amicus curiae North Carolina Bar Association.*

*Donald M. Jacobs, President, for amicus curiae North Carolina Conference of District Attorneys.*

*Moore & Van Allen, PLLC, by Laura B. Luger, on behalf of the American Civil Liberties Union of North Carolina, amicus curiae.*

FRYE, Justice.

On this appeal, plaintiffs contend that the superior court erred in dismissing their civil action challenging the Durham County District Attorney's[1] statutory authority to set the superior court's criminal trial calendar. Plaintiffs present three issues on this appeal: (1) whether the superior court erred in dismissing the case for lack of subject matter jurisdiction; (2) whether the superior court erred in concluding that plaintiffs lacked standing to litigate the issues raised in their complaint; and (3) whether the superior court erred in dismissing the case for failure to state a claim upon which relief could be granted. We answer each of these questions in the affirmative and, therefore, reverse the superior court's dismissal of the complaint and remand this case to that court for further proceedings.

On 2 October 1992, plaintiff David Simeon, on behalf of himself and others similarly situated, filed a complaint in Superior Court, Durham County, alleging that under the authority of N.C.G.S. §§ 7A-49.3, 7A-61, and 15A-931, the Office of the District Attorney has been given excessive power over administration of the criminal courts in violation of the state and federal constitutions. The complaint named Simeon as the representative of "all persons who are now, or will in the future be prosecuted on criminal charges in Durham County, for purposes of injunctive and declaratory relief." On 15 October 1992, the complaint was amended as of right, adding Peter Zegler as a named plaintiff in the action.

---

1. Mr. Ronald Stephens served as District Attorney for the Fourteenth Prosecutorial District (Durham County) during the specific time periods mentioned in plaintiffs' complaint and was the original defendant in this action. Mr. Stephens continued to serve in this position until just prior to this court's grant of plaintiffs' petition for discretionary review, at which time Mr. James E. Hardin, Jr., was appointed District Attorney. Because plaintiffs' action was commenced against Mr. Stephens in his official capacity as the District Attorney for the Fourteenth Prosecutorial District, Mr. Hardin was automatically substituted as the defendant in this action, pursuant to Rule 25(f) of the North Carolina Rules of Civil Procedure. N.C.G.S. § 1A-1, Rule 25(f) (1990).

SIMEON v. HARDIN

[339 N.C. 358 (1994)]

Plaintiffs' amended complaint contains the following allegations: On or about 13 February 1992, plaintiff David Simeon was arrested and charged with several felonies. The district court found probable cause to proceed on or about 28 February 1992; however, as of the filing of the complaint on 2 October 1992, Simeon had not been to court and remained in jail due to practices of the district attorney. Simeon's case was not placed on the trial calendar until it was calendared for arraignment on or about 17 August 1992. Simeon's case was placed on several arraignment calendars after August 17; however, the case was continued by the district attorney on the grounds that his office had not yet provided discovery and the case was not ready for arraignment—this despite the fact that all discovery required by statute had been available to the district attorney for production since probable cause was established in February. The district attorney delayed Simeon's case for the tactical purposes of keeping him in jail, delaying a trial at which he was likely to be acquitted, and pressuring him into entering a guilty plea. The complaint further alleges that the strategy of the district attorney will continue to be one of delay by means of his control over the criminal trial calendar. Plaintiff Simeon has suffered and continues to suffer harm of a constitutional dimension as a proximate result of the district attorney's control of the criminal trial calendar in that he is being deprived of all his freedoms without benefit of a jury trial or other due process of law.

With reference to named plaintiff Peter Zegler, the amended complaint alleges that, on 20 March 1991, Zegler was convicted of misdemeanor simple assault in district court and appealed to the superior court the next day. Zegler's case was calendared several times in the following nineteen months, but had yet to be called for trial by the district attorney. Due to actions of the district attorney, Zegler's attorney was forced to prepare for trial repeatedly. In addition, on at least one occasion, an important defense witness was flown from out of state and accommodated at a hotel at Zegler's expense, yet Zegler's case was not called for trial. Plaintiff Zegler has suffered and continues to suffer harm of a constitutional dimension as a proximate result of the district attorney's control over the criminal trial calendar.

Plaintiffs' amended complaint further alleges that the statutes in question give the district attorney unbridled discretion to control the progress of criminal cases, including the power to select a particular judge, the power to keep a jailed defendant from being tried for an extended period of time, the power to force criminal defendants released on bail to miss work and come to court repeatedly, and the

power to severely inconvenience disfavored defense attorneys. Plaintiffs allege that these powers are used to the advantage of the State on a regular basis, harming criminal defendants like plaintiffs in ways not readily addressable in their criminal actions.

In addition, plaintiffs' amended complaint seeks 1) a declaration that the statutes violate the United States and North Carolina Constitutions both as written and as applied, and 2) a remedial order placing control of the criminal calendar under the supervision of the court. In the alternative, plaintiffs request an order directing the district attorney to exercise his calendaring authority in compliance with N.C.G.S. § 7A-49.3 and under such further direction of the court as necessary to ensure that justice is administered in a fair, impartial and orderly manner. The complaint does not challenge the validity of any final criminal conviction.

On 16 October 1992, the day after the filing of the amended complaint, plaintiff Simeon and the district attorney entered into a plea agreement whereby Simeon pled guilty to two counts of misdemeanor assault on a female and was sentenced to time served (230 days) on one count and a prayer for judgment continued (PJC) on the other. The district attorney dismissed plaintiff Zegler's misdemeanor simple assault charge on 3 December 1992.

On 30 November 1992, the district attorney filed a motion to dismiss plaintiffs' amended complaint for lack of subject matter jurisdiction and failure to state a claim under Rules 12(b)(1) and 12(b)(6), respectively. On 11 March 1993, a hearing on the district attorney's motion to dismiss was held before Judge Robert L. Farmer in Superior Court, Durham County. In support of his motion, the district attorney offered several exhibits, including certified copies of a transcript of plea in Simeon's case, a notice of dismissal in Zegler's case, and a copy of a letter from the district attorney to Zegler's defense counsel, dated 5 December 1992, memorializing previous agreements regarding the calendaring of Zegler's case for trial. In support of their complaint and in opposition to the district attorney's motion to dismiss, plaintiffs submitted a notebook of thirty-five exhibits, including affidavits from retired judges, former prosecutors, defense attorneys and other defendants in criminal cases in Durham County. These affidavits generally supported the allegations of the complaint and highlighted these individuals' negative experiences with district attorney calendaring in the Fourteenth Prosecutorial District and in other parts of the state. On 15 March 1993, Judge Farmer entered an order

in which he made findings of fact and conclusions of law and granted the district attorney's motion to dismiss.

Plaintiffs appealed to the Court of Appeals. Plaintiffs also petitioned this Court for discretionary review prior to determination by the Court of Appeals. This Court denied the petition on 29 July 1993. The case was briefed by the parties and scheduled for oral argument in the Court of Appeals on 12 March 1994. However, on 8 March 1994, this Court, upon reconsideration, granted plaintiffs' petition for discretionary review prior to determination by the Court of Appeals. We now consider plaintiffs' arguments on appeal.

[1] Plaintiffs first contend that the superior court erred in dismissing their complaint and reaching the following conclusion of law: "Criminal defendants must litigate criminal issues in their own criminal action and not by a separate civil action. The Civil Superior Court has no jurisdiction to hear issues raisable within a criminal proceeding." The superior court relied on *State ex rel. Edmisten v. Tucker*, 312 N.C. 326, 323 S.E.2d 294 (1984), in reaching this conclusion. Plaintiffs contend that the rationale of *Tucker* does not apply in this case because *Tucker* involved a challenge to a substantive criminal statute, while this case involves a challenge to procedural statutes. Plaintiffs further contend that the superior court did have jurisdiction to consider their complaint because the issues raised in the complaint and the declaratory and injunctive relief sought could not be adequately addressed within their individual criminal proceedings. We agree.

In *Tucker*, the Attorney General filed a civil complaint seeking a declaration that various portions of the Safe Roads Act of 1983, specifically those dealing with drunken driving, were constitutional. The Attorney General's complaint named as defendants several criminal defendants with drunken driving cases pending in superior court, as well as several superior court judges who had ruled in previous drunken driving cases that various provisions of the Act were unconstitutional. The superior court dismissed the Attorney General's complaint pursuant to Rule 12(b) for want of subject matter jurisdiction.

On discretionary review prior to determination by the Court of Appeals, this Court affirmed the superior court's finding that no actual or real existing controversy existed between the Attorney General and any of the named defendants and held that the superior court correctly dismissed the complaint as to all defendants for lack of jurisdiction. In holding that the trial court lacked jurisdiction to consider claims regarding the individual criminal defendants, this Court relied

**SIMEON v. HARDIN**

[339 N.C. 358 (1994)]

on the "general rule against entertaining a declaratory judgment complaint if there is simultaneously pending either a criminal action or civil action involving the same parties and issues . . . ." *Tucker*, 312 N.C. at 353, 323 S.E.2d at 312. We stated that "the interest of the State and of the individual defendants under the Safe Roads Act are matters which can be authoritatively settled in the various pending criminal prosecutions and civil revocation proceedings in an orderly and thorough manner." *Id.*

*Tucker* is not controlling here. In *Tucker*, the portions of the Safe Roads Act in question were the substantive provisions under which the individual criminal defendants were charged. These substantive statutes were at the heart of the State's prosecution of the individual criminal defendants, and the constitutionality of these statutes could be raised by the individual criminal defendants in defense of their criminal prosecutions. Accordingly, the issue of the Act's constitutionality could be authoritatively settled during the criminal defendants' individual criminal prosecutions.

Unlike *Tucker*, the civil action in this case does not involve the same issues as plaintiffs' individual criminal prosecutions. This case involves a challenge not to the substantive statutes under which plaintiffs were charged, but to the procedural statutes which authorize the district attorney to set the criminal trial calendar. While this challenge may be related to plaintiffs' individual criminal prosecutions, it is collateral to the underlying criminal charges against plaintiffs and the issues which normally arise during a criminal prosecution. *See Jernigan v. State*, 279 N.C. 556, 184 S.E.2d 259 (1971) (in allowing a civil challenge to a sentencing statute, this Court recognized that while a declaratory judgement is a civil remedy which may not be resorted to in order to try ordinary matters of guilt or innocence, the courts do not lack power to grant a declaratory judgment merely because a questioned statute relates to penal matters). For example, plaintiffs allege that the district attorney exercises his calendaring authority to delay their and other criminal defendants' trials in an attempt to coerce a guilty plea. However, the tendency of prosecutorial calendaring practices to coerce guilty pleas cannot be reviewed in a criminal case because the plea of guilty, unless it is actually involuntary, constitutes a waiver of all antecedent constitutional violations. *Tollett v. Henderson*, 411 U.S. 258, 36 L. Ed. 2d 235 (1973).

In addition, the relief sought by plaintiffs here differs from that sought by the Attorney General in *Tucker*. In *Tucker*, the Attorney General sought only a declaratory judgment. In this case, plaintiffs seek not only a declaratory judgment, but also injunctive relief. Some of the relief sought by plaintiffs, such as an injunction prohibiting the district attorney from preparing trial dockets and calling criminal cases for trial, a standing order governing the docketing and calling of cases or, in the alternative, an order requiring the district attorney to exercise his calendaring authority in a constitutional manner, could be more adequately addressed in a civil action. Furthermore, the district attorney, the sole defendant in the present action and the party against whom injunctive relief is sought, is not a party to plaintiffs' pending criminal prosecutions. The people of the State, rather than the district attorneys, are parties in criminal prosecutions. *See* N.C. Const. art. IV, § 13(1).

Consequently, because the issues raised by plaintiffs could not be authoritatively settled in their individual criminal cases and the relief sought could not be adequately provided by the criminal court, the rationale of *Tucker* does not apply to this case.

We believe that plaintiffs' claims could best be considered and decided by the civil superior court. The superior courts have "general jurisdiction of all justiciable matters of a civil nature" whose jurisdiction is not specifically placed elsewhere. N.C.G.S. § 7A-240 (1989); *Harris v. Pembaur*, 84 N.C. App. 666, 668, 353 S.E.2d 673, 675 (1987). Furthermore, claims for injunctive and declaratory relief regarding "any statute" or "any claim of constitutional right" are the particular province of the superior courts. N.C.G.S. § 7A-245 (1989). Accordingly, we hold that plaintiffs' pending criminal prosecutions did not deprive the superior court of jurisdiction to consider plaintiffs' constitutional challenge to the statutes which authorize the district attorney to set the criminal trial calendar.

[2] Plaintiffs next contend that the trial court erred in concluding that, because their criminal cases were no longer pending at the time of the hearing on the district attorney's motion to dismiss, they lacked standing to challenge the district attorney's calendaring authority. The trial court reached the following conclusion of law: "Individuals without a pending criminal case possess no standing to litigate asserted constitutional wrongs purportedly arising in, or which might in the future arise in, the course of a criminal prosecution involving themselves or others. There must be the presence of an existing jus-

ticiable controversy." Plaintiffs contend that they have standing to challenge the district attorney's calendaring authority because, at the time their complaint was filed, they were criminal defendants subject to the district attorney's calendaring authority, and standing is unaffected by events subsequent to the filing of the complaint. We agree.

"Standing to challenge the constitutionality of a legislative enactment exists where the litigant has suffered, or is likely to suffer, a direct injury as a result of the law's enforcement." *Maines v. City of Greensboro*, 300 N.C. 126, 130-31, 265 S.E.2d 155, 158 (1980). When standing is questioned, the proper inquiry is whether an actual controversy existed "at the time the pleading requesting declaratory relief is filed." *Sharpe v. Park Newspapers*, 317 N.C. 579, 584, 347 S.E.2d 25, 29 (1986). Furthermore, it is the general rule that once jurisdiction attaches, "it will not be ousted by subsequent events." *In re Peoples*, 296 N.C. 109, 146, 250 S.E.2d 890, 911 (1978) (judge's retirement did not divest the Judicial Standards Commission of jurisdiction or render the question of his removal moot), *cert. denied*, 442 U.S. 929, 61 L. Ed. 2d 297 (1979).

At the time plaintiffs filed their amended complaint in this case, both were awaiting trial on criminal charges in Durham County and were subject to the district attorney's calendaring authority. In their complaint, plaintiffs allege that they have suffered and continue to suffer harm of a constitutional dimension due to the district attorney's calendaring practices. Plaintiff Simeon alleges that the district attorney purposely delayed calendaring his case in order to keep him in jail and to pressure his guilty plea. Plaintiff Zegler alleges that because his case was calendared repeatedly but was never called for trial, he incurred unnecessary witness-related expenses. Accordingly, plaintiffs have alleged injuries suffered as a result of the district attorney's abuse of his calendaring authority and, therefore, an actual controversy existed between plaintiffs and the district attorney at the time their complaint was filed. Consequently, because both plaintiffs possessed standing when the complaint was filed and their standing was not affected by subsequent events, the trial court erred in concluding that plaintiffs lacked standing to pursue their claims.

The district attorney, however, contends that even if plaintiffs' standing to pursue their claims was not affected by subsequent events in their criminal cases, these subsequent events have rendered plaintiffs' claims moot. Accordingly, the district attorney argues that the

trial court was correct in dismissing plaintiffs' complaint. We disagree.

Whenever during the course of litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain an action merely to determine abstract propositions of law. *Peoples*, 296 N.C. at 147, 250 S.E.2d at 912. If the issues before the court become moot at any time during the course of the proceedings, the usual response is to dismiss the action. *Peoples*, 296 N.C. at 148, 250 S.E.2d at 912.

[3] As to named plaintiff Simeon, at the time of the hearing he had pled guilty to two misdemeanor assault charges. Simeon was sentenced to time served on one count and received a PJC on the other. This PJC did not resolve Simeon's criminal case and did not constitute an appealable entry of judgment. *See State v. Maye*, 104 N.C. App. 437, 410 S.E.2d 8 (1991), *appeal dismissed*, 330 N.C. 853, 417 S.E.2d 248 (1992). Furthermore, the district attorney remains free to pray for judgment against Simeon on the PJC count at anytime. Accordingly, plaintiff Simeon faces possible future exposure to the district attorney's calendaring practices, a circumstance sufficient to give him a litigable interest in resolving the issues presented here. Therefore, plaintiff Simeon's claims are not moot, and the trial court should not have dismissed the complaint on this ground.

[4] As to named plaintiff Zegler, at the time of the hearing on the district attorneys' motion to dismiss, all criminal charges against him had been dismissed. As such, Zegler's claims appear to be moot, and the trial court responded in the usual manner by dismissing his claims. However, due to the unique posture of this case, the mootness of Zegler's claims warrants further attention.

In the instant case, plaintiffs propose in their complaint to represent the class of "persons who are now, or will in the future be prosecuted on criminal charges in Durham County." Plaintiffs' motion for class certification was not ruled upon prior to the trial court's dismissal of this action. At this stage, we accept these allegations as true. *See Crow v. Citibank Acceptance Co.*, 319 N.C. 274, 354 S.E.2d 459 (1987). Accordingly, while it is uncertain whether plaintiffs will be able to prove to the trial court that class certification is proper in this case, for purposes of our review we will assume that plaintiffs will be allowed to maintain this action as a class action.

**SIMEON v. HARDIN**

[339 N.C. 358 (1994)]

Assuming that the district attorney is correct in asserting that plaintiff Zegler's claims are moot, we believe that this case belongs "to that narrow class of cases in which the termination of a class representative's claim does not moot the claims of the unnamed members of the class." *Gerstein v. Pugh*, 420 U.S. 103, 110 n. 11, 43 L. Ed. 2d 54, 63 n. 11 (1974) (class action challenging pretrial detention absent a judicial determination of probable cause allowed to continue despite the fact that the named class representatives were convicted and their pretrial detention ended prior to arguments in the Supreme Court). As the *Gerstein* Court recognized regarding pretrial detention, the named plaintiffs' exposure to the district attorney's calendaring authority is "by nature temporary, and it is most unlikely that any given individual could have his constitutional claim decided . . . before he is either released or convicted." *Id.* This is especially true in a case such as this where the district attorney, the defendant in this action, holds the power to dismiss plaintiffs' criminal prosecutions or speed them to trial prior to the resolution of plaintiffs' civil challenge.

Furthermore, accepting plaintiffs' allegations as true, "it is certain that other persons similarly situated will be detained under the allegedly unconstitutional procedure." *Id.* The claim, in short, is one that is distinctly "capable of repetition, yet evading review." *Id.* Accordingly, should this action be certified as a class action by the trial court, plaintiff Zegler may continue to represent the interests of the class of similarly situated criminal defendants alleged in plaintiffs' complaint.

Plaintiffs next contend that the trial court erred in dismissing their complaint for failure to state a claim upon which relief may be granted and concluding:

> The District Attorney is a constitutional officer and his duties are set forth in the Constitution and the statutes. Any change of the District Attorney's scope of authority, duties or procedure followed in handling criminal cases must be made by the General Assembly or by amendment to the N.C. Constitution and is not within the inherent authority of the Court to do so.

Plaintiffs contend that their allegations state a claim that the statutes authorizing the district attorney calendaring violate the North Carolina and United States Constitutions, both as written and as applied in the Fourteenth Prosecutorial District.

SIMEON v. HARDIN

[339 N.C. 358 (1994)]

While the district attorney moved to dismiss under Rule 12(b)(6) and the trial court purported to grant this motion, we believe that the trial court's ruling is more appropriately viewed as a grant of summary judgment for the district attorney because matters outside the pleadings were presented to and not excluded by the trial court. N.C. R. Civ. P. 12(b); *DeArmon v. B. Mears Corp.*, 312 N.C. 749, 325 S.E.2d 223 (1985).

Summary judgment is appropriately granted only where there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. *Branch Banking & Trust Co. v. Creasy*, 301 N.C. 44, 269 S.E.2d 117 (1980). After examining the challenged statutes in light of the powers explicitly granted the district attorney in the Constitution and by the General Assembly as authorized in the Constitution, we conclude that the challenged statutes are constitutional on their face. However, we believe that plaintiffs' amended complaint raises a genuine issue of material fact as to whether the statutes are being applied in an unconstitutional manner in the Fourteenth Prosecutorial District.

**[5]** We first note that the trial court was incorrect in deciding that it was not within its inherent authority to consider plaintiffs' challenge to the district attorney's calendaring authority. While the superior court was correct in stating that the district attorney is a constitutional officer, all of the district attorney's duties are not prescribed by the constitution. Article IV, Section 18 of the North Carolina Constitution provides, in pertinent part, as follows:

> (1) *District Attorneys.* The General Assembly shall, from time to time, divide the State into a convenient number of prosecutorial districts, for each of which a District Attorney shall be chosen for a term of four years by the qualified voters thereof, at the same time and places as members of the General Assembly are elected. Only persons duly authorized to practice law in the courts of this State shall be eligible for election or appointment as a District Attorney. The District Attorney shall advise the officers of justice in his district, be responsible for the prosecution on behalf of the State of all criminal actions in the Superior Courts of his district, perform such duties related to appeals therefrom as the Attorney General may require, and perform such other duties as the General Assembly may prescribe.

N.C. Const. art. IV, § 18.

Therefore, the constitution specifically prescribes only three duties for the district attorney: 1) to advise the officers of justice in his district; 2) to prosecute on behalf of the state all criminal actions in the superior courts of his district; 3) to perform such duties related to appeals therefrom as the Attorney General may require. N.C. Const. art. IV, § 18. The remainder of the district attorney's duties, including the docketing of criminal cases, are derived from statutes promulgated by the General Assembly pursuant to authority granted in Article IV, Section 18 of the North Carolina Constitution. N.C. Const. art. IV, § 18.

The trial court's conclusion that it was without authority to review the district attorney's calendaring authority was apparently based, at least to some extent, on Article IV, Section 13(2) of the North Carolina Constitution. The trial court quoted the following passage from that section in its findings of fact: "The General Assembly may make rules of procedure and practice for the Superior Court and District Court Divisions . . . ." However, the next sentence of that section provides: "No rule of practice or procedure shall abridge substantive rights or limit the right of trial by jury." N.C. Const. art. IV, § 13(2). When these sentences are read together, it is clear that the General Assembly is not authorized to enact procedural rules that violate substantive constitutional rights, and it remains the duty of the state courts to provide a forum for individuals claiming that procedural rules abridge such rights.

[6] The power of the North Carolina courts to declare legislative enactments unconstitutional, and therefore void, is well-established. *Bayard v. Singleton*, 1 N.C. (Mart.) 5, 7 (1787); N.C.G.S. § 7A-245 (1989). As this Court has stated: "Obedience to the Constitution on the part of the Legislature is no more necessary to orderly government than the exercise of the power of the Court in requiring it when the Legislature inadvertently exceeds its limitations." *State v. Harris*, 216 N.C. 746, 764, 6 S.E.2d 854, 866 (1940). Furthermore, the courts have power to fashion an appropriate remedy "depending upon the right violated and the facts of the particular case." *Corum v. University of North Carolina*, 330 N.C. 761, 784, 413 S.E.2d 276, 291, *cert. denied*, —— U.S. ——, 121 L. Ed. 2d 431 (1992). Consequently, we conclude that the superior court is empowered to review the constitutionality of the statutes which prescribe the duties of the district attorney and to fashion an appropriate remedy should such statutes violate the Constitution.

Plaintiffs challenge the constitutionality of N.C.G.S. § 7A-49.3 in its entirety, as well as portions of sections 7A-61 and 15A-931. Section 7A-49.3 provides as follows:

(a) At least one week before the beginning of any session of the superior court for the trial of criminal cases, the district attorney shall file with the clerk of superior court a calendar of the cases he intends to call for trial at that session. The calendar shall fix a day for the trial of each case listed thereon. The district attorney may place on the calendar for the first day of the session all cases which will require consideration by the grand jury without obligation to call such cases for trial on that day. No case on the calendar may be called for trial before the day fixed by the calendar except by consent or by order of the court. Any case docketed after the calendar has been filed with the clerk may be placed on the calendar at the discretion of the district attorney.

(a1) If he has not done so before the beginning of each session of superior court at which criminal cases are to be heard, the District Attorney, after calling the calendar and disposing of nonjury matters, including guilty pleas, if any such nonjury matters are to be disposed of prior to the calling of cases for trial, shall announce to the court the order in which he intends to call for trial the cases remaining on the calendar. Deviations from the announced order require approval by the presiding judge, if the defendant whose case is called for trial objects; but the defendant may not object if all the cases scheduled to be heard before his case have been disposed of or delayed with the approval of the presiding judge or by consent.

(b) All witnesses shall be subpoenaed to appear on the date listed for the trial of the case in which they are witnesses. Witnesses shall not be entitled to prove their attendance for any day or days prior to the day on which the case in which they are witnesses is set for trial, unless otherwise ordered by the presiding judge.

(c) Nothing in this section shall be construed to affect the authority of the court in the call of cases for trial.

N.C.G.S. § 7A-49.3 (1989). Plaintiffs further challenge the portion of section 7A-61 which provides that the district attorney "shall prepare the trial dockets." N.C.G.S. § 7A-61 (1989). In addition, plaintiffs challenge the portion of section 15A-931 which provides that "the prose-

cutor may dismiss any charges stated in a criminal pleading by entering an oral dismissal in open court before or during the trial, or by filing a written dismissal with the clerk at any time." N.C.G.S. § 15A-931 (1988).

Plaintiffs contend that the statutes are facially invalid under the Due Process Clause of the United States Constitution and the separation of powers, inherent judicial powers, law of the land, open courts, and criminal jury trial clauses of the North Carolina Constitution. We disagree.

[7] We first address plaintiffs' contentions that the statutes in question vest an executive officer with judicial powers in violation of separation of powers and that this grant of judicial authority intrudes upon the inherent authority of the court. As noted earlier, the Constitution mandates that the district attorney "be responsible for the prosecution on behalf of the State of all criminal actions in the Superior Courts of his district." N.C. Const. art. IV, § 18. The Constitution also mandates that the district attorney perform such other duties as the General Assembly may prescribe. The General Assembly has chosen to include among the district attorney's duties the responsibility of setting the superior court criminal trial calendar. We do not believe that this grant of authority, on its face, violates separation of powers or infringes upon the superior court's inherent judicial power.

First of all, the district attorney cannot be easily categorized as belonging to any one branch of government. We note that the office of the district attorney is created in Article IV of the Constitution, the Judicial article, rather than in Article III, the Executive article. Furthermore, in the past, this Court has characterized district attorneys as "independent constitutional officers." *State v. Camacho*, 329 N.C. 589, 593, 406 S.E.2d 868, 870 (1991). We have also recognized that solicitors, as district attorneys were formerly known, are officers of the court and, in varied factual situations and in relation to diverse legal problems, may be considered a judicial or quasi-judicial officer. *See State v. Furmage*, 250 N.C. 616, 627, 109 S.E.2d 563, 571 (1959).

Furthermore, we do not believe that the statutes which authorize district attorney calendaring vest the district attorney with judicial powers in violation of separation of powers or intrude upon the trial court's inherent authority. In the civil context, we have recognized that the "trial court is vested with wide discretion in setting for trial and calling for trial cases pending before it." *Watters v. Parrish*, 252 N.C. 787, 791, 115 S.E.2d 1, 4 (1960). We likewise believe that the

criminal superior court has wide discretion in managing criminal cases which are pending before it. However, the vesting of calendaring authority in the district attorney does not intrude upon the court's authority.

Subsection (c) of section 7A-49.3 specifically provides: "Nothing in this section shall be construed to affect the authority of the court in the call of cases for trial." N.C.G.S. § 7A-49.3(c). In addition, this Court has recognized that, while section 7A-61 provides that the district attorney shall prepare the trial dockets, "that statute does not mean that a judge is without authority to schedule a matter for a hearing in court." *State v. Mitchell*, 298 N.C. 549, 550-51, 259 S.E.2d 254, 255 (1979) (holding that a trial judge has the authority and sole responsibility to schedule hearings on post-conviction matters under N.C.G.S. § 15-217.1). Because the ultimate authority over managing the trial calendar is retained in the court, it cannot be said that these statutes infringe upon the court's inherent authority or vest the district attorney with judicial powers in violation of the separation of powers clause. On their face, these statutes simply carry out the General Assembly's constitutional mandate to prescribe "such other duties" as are necessary for the district attorney to fulfill the responsibility of prosecuting criminal actions on behalf of the State.

[8] Furthermore, we do not believe that the statutes in question are facially invalid under the Due Process Clause of the United States Constitution or the law of the land, open courts, or criminal jury trial clauses of the North Carolina Constitution.

Plaintiffs rely on *State v. Simpson*, 551 So. 2d 1303 (La. 1989), for the proposition that the statutes authorizing district attorney calendaring are violative of due process on their face. In *Simpson*, the Louisiana Supreme Court held that a judicial district's system which allowed the district attorney to choose the judge to whom particular criminal cases were assigned violated due process. However, we note that in *Simpson*, the parties stipulated that the state, through the district attorney, did in fact choose the judge to preside over particular criminal cases. *Simpson*, 551 So. 2d at 1304. There has been no such stipulation in this case. Furthermore, we find nothing in the statutes challenged by plaintiffs which authorizes the district attorney to choose a particular judge to preside over a particular criminal case. Accordingly, we are not prepared to assume that the district attorney utilizes his calendaring authority in this manner.

SIMEON v. HARDIN

[339 N.C. 358 (1994)]

As written, the challenged statutes simply authorize the district attorney to prepare the criminal trial dockets, calendar criminal cases for trial, and dismiss criminal charges against a criminal defendant. The allocation of these duties to the district attorney does not, in and of itself, deprive plaintiffs and other criminal defendants of their constitutional rights. These statutes do not, on their face, deprive plaintiffs and other criminal defendants of their right to a fair and speedy trial, an impartial tribunal, access to the courts, or a trial by jury. Accordingly, these statutes are not facially invalid under the United States or North Carolina Constitutions. Therefore, summary judgment was appropriate and the trial court did not err in dismissing this portion of plaintiffs' complaint.

[9] Plaintiffs next contend that the trial court erred in dismissing their claim that the statutes in question violate the Due Process Clause of the United States Constitution and the law of the land, open courts, and jury trial clauses of the North Carolina Constitution as applied by the Durham County District Attorney.

"Law of the land," as used in Article I, Section 19 of the North Carolina Constitution, has been said to be synonymous with "due process of law" as used in the Fourteenth Amendment of the United States Constitution. *Bulova Watch Co. v. Brand Distributors*, 285 N.C. 467, 474, 206 S.E.2d 141, 146 (1976) (in construing provisions of the North Carolina Constitution, the meaning given by the United States Supreme Court to even an identical term in the United States Constitution is not binding on this Court, but it is highly persuasive). Accordingly, we review plaintiffs' claims under these two provisions together.

As to procedure, due process means "notice and an opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case before a competent and impartial tribunal having jurisdiction of the cause." *In re Moore*, 289 N.C. 95, 101, 221 S.E.2d 307, 311 (1976). It incorporates the principle of adversarial fairness, requiring there to be a "balance of forces between the accused and his accuser." *Wardius v. Oregon*, 412 U.S. 470, 474-75, 37 L. Ed. 2d 82, 87 (1973). Due process dictates that there be no punishment of a defendant prior to an adjudication of guilt. *See Bell v. Wolfish*, 441 U.S. 520, 60 L. Ed. 2d 447 (1979); *City of Billings v. Layzell*, 789 P.2d 221 (Mont. 1990) (trial court's unreasonable delay in scheduling trial of pretrial detainee amounted to pretrial punishment in violation of the Fourteenth Amendment). The open courts clause, Article I, Section

18 of the North Carolina Constitution, guarantees a criminal defendant a speedy trial, an impartial tribunal, and access to the court to apply for redress of injury. While this clause "does not outlaw good-faith delays which are reasonably necessary for the state to prepare and present its case," it does prohibit "purposeful or oppressive delays and those which the prosecution could have avoided with reasonable effort." *State v. Johnson*, 275 N.C. 264, 273, 167 S.E.2d 274, 280 (1969). Furthermore, Article I, Section 24 of the North Carolina Constitution grants every criminal defendant the absolute right to plead not guilty and to be tried by a jury. Criminal defendants cannot be punished for exercising this right. *See State v. Langford*, 319 N.C. 340, 354 S.E.2d 523 (1987).

In the amended complaint, plaintiff Simeon alleges that the district attorney delayed calendaring his case for trial for the tactical purposes of keeping him in jail, delaying a trial at which he was likely to be acquitted, and pressuring him into entering a guilty plea. The complaint also alleges that the district attorney purposely delays calendaring cases for trial for the purpose of exacting pretrial punishment and pressuring other criminal defendants into pleading guilty. Plaintiff Zegler alleges that, because his case was calendared repeatedly but was never called for trial, he incurred unnecessary witness-related expenses.

The complaint further alleges that, pursuant to N.C.G.S. § 7A-49.3(a1), which allows the district attorney to announce the order of cases for trial on the first day of a criminal session, the defense bar is given less than one day's notice of the order in which cases will be called, and the district attorney calls cases out of the order noted in the printed calendar. Furthermore, plaintiffs allege that the district attorney places a large number of cases on the printed trial calendar knowing that all of these cases will not be called, thereby providing defendants virtually no notice of which cases are actually going to be called for trial. This tactic is often employed by the district attorney in an attempt to surprise criminal defense counsel, thus impairing the quality of criminal defendants' legal representation.

We believe that these allegations are sufficient to state a claim that the statutes which grant the district attorney calendaring authority are being applied in an unconstitutional manner in the Fourteenth Prosecutorial District. Plaintiffs' notebook of exhibits tended to support the plaintiffs' allegations. Furthermore, nothing in the district

attorney's motion to dismiss or his exhibits was sufficient to disprove these allegations as a matter of law so as to justify the dismissal of the complaint. Accordingly, summary judgment in favor of defendant district attorney was improper, and the trial court erred in dismissing that portion of the complaint.

For the foregoing reasons, we hold that plaintiffs' pending individual criminal prosecutions did not deprive the superior court of jurisdiction over the claims raised in plaintiffs' complaint. In addition, we hold that plaintiffs did have standing to pursue this civil action and that plaintiff Simeon's claims are not moot. We further hold that the statutes in question are facially valid under both the United States and North Carolina Constitutions. However, we also hold that plaintiffs' amended complaint raises a genuine issue of material fact as to whether the statutes authorizing district attorney calendaring are being applied in an unconstitutional manner by the District Attorney of the Fourteenth Prosecutorial District (Durham County). Accordingly, we reverse the order of the trial court which granted defendant district attorney's motion to dismiss and remand this case to that court for further proceedings not inconsistent with this opinion.

We note again that plaintiffs alleged the prerequisites for a class action in their complaint and filed a motion for class certification which was not ruled upon by the trial court. On remand, the trial court should consider plaintiffs' motion for class certification and determine whether certification is proper in this case.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.