STATE OF NORTH CAROLINA v. CLARENCE C. MALONE, JR.

No. 8314SC315

(Filed 3 January 1984)

1. **Attorneys at Law § 4; Criminal Law § 128.2— testimony for State by defendant's attorney—mistrial**

The trial court did not err in declaring a mistrial when one of defendant's attorneys, who had been subpoenaed by the State, testified for the State where the attorney's testimony conflicted with the arresting officer's testimony as to what happened on the night defendant was arrested for driving under the influence and the attorney's credibility could be lessened considerably if the jury believed the officer, and where the court found that the attorney's testimony did in fact prejudice defendant. G.S. 15A-1063(1).

2. **Automobiles and Other Vehicles § 126— driving with blood alcohol content of .10% or more—evidence of operation of vehicle and behavior after being stopped**

In a prosecution in which defendant was convicted of driving with a blood alcohol content of .10% or more by weight, evidence concerning defendant's operation of the vehicle prior to the time he was stopped and of his behavior after he was stopped was admissible to substantiate the results of a breathalyzer test.

3. **Automobiles and Other Vehicles § 126— driving with blood alcohol content of .10% or more—exclusion of testimony—harmless error**

In a prosecution in which defendant was convicted of driving with a blood alcohol content of .10% or more by weight, the exclusion of an officer's testimony as to whether he was standing on the bumper of his car during surveillance of defendant, if error, was not prejudicial to defendant.

APPEAL by defendant from *Godwin, Judge.* Judgment entered 20 October 1982 in Superior Court, DURHAM County. Heard in the Court of Appeals 28 November 1983.

Defendant appeals from a suspended sentence of thirty days in jail entered upon his conviction of operating a vehicle upon a highway or public vehicular area within the State of North Carolina when the amount of alcohol in his blood was 0.10% or more by weight.

*Attorney General Edmisten, by Assistant Attorney General James Peeler Smith, for the State.*

*C. C. Malone, Jr., for defendant appellant.*

HILL, Judge.

On 15 August 1981 defendant was charged with the offense of driving under the influence of intoxicating liquor in violation of G.S. 20-138(a). Defendant was convicted of the lesser included offense of operating a motor vehicle upon the public street or highways of the State of North Carolina with a blood alcohol content of 0.10% or more in violation of G.S. 20-138(b), and appealed to superior court. Defendant, who is an attorney, was represented by two members of his law firm. When the case originally was called for trial in superior court, the State presented a written motion to disqualify defense counsel. The court did not rule on the motion, but permitted defense counsel to withdraw and granted defendant's *pro se* request for continuance. The second time the case was called for trial it resulted in a mistrial because the jury could not agree upon a verdict.

The case subsequently was called a third time, and the same attorneys from defendant's law firm appeared as counsel. No motion to disqualify defense counsel was made. The State called as a witness one of defendant's attorneys, who previously had been subpoenaed by the State. At the conclusion of his testimony, the court on its own motion ordered defense counsel disqualified from further participation in the case, declared a mistrial, and rescheduled the case for a later date.

When the case was called for trial again defendant made a motion to dismiss on grounds of double jeopardy. The motion was denied. The trial proceeded, and the jury found defendant guilty. Defendant appeals from the conviction and judgment.

[1] Defendant first contends that the court erred in denying his motion to dismiss on grounds of double jeopardy. He argues that the court did not have authority under G.S. 15A-1063 to declare a mistrial after the testimony of his attorney.

It is a basic precept of the common law, guaranteed by the Federal and State Constitutions, that no person may be twice put in jeopardy of life or limb for the same offense. U.S. Const. Amend. V; N.C. Const. Art. 1, § 19; *State v. Cameron*, 283 N.C. 191, 195 S.E. 2d 481 (1973); *State v. Cooley*, 47 N.C. App. 376, 268 S.E. 2d 87, *appeal dismissed*, 301 N.C. 96, 273 S.E. 2d 442 (1980). A defendant's cherished

right to have his liberty or life legally imperilled only once for a criminal charge does not, however, necessarily preclude retrial when previous proceedings against him have failed to conclude in a judgment of either conviction or acquittal. *Arizona v. Washington*, 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed. 2d 717 (1978). *See generally* Annot., 50 L.Ed. 2d 830. 841-42 (1978); 21 Am. Jur. 2d *Criminal Law* § 194, at 246 (1965).

*State v. Williams*, 51 N.C. App. 613, 617, 277 S.E. 2d 546, 548 (1981).

G.S. 15A-1063(1) provides that the court may declare a mistrial on its own motion if "[i]t is impossible for the trial to proceed in conformity with law." Prior to the enactment of G.S. 15A-1063 a court could declare a mistrial, over defendant's objection, due to "a physical necessity or the necessity of doing justice." *State v. Shuler*, 293 N.C. 34, 43, 235 S.E. 2d 226, 231 (1977) (quoting *State v. Beal*, 199 N.C. 278, 154 S.E. 604 (1930)); *see also State v. Birckhead*, 256 N.C. 494, 124 S.E. 2d 838 (1962).

Thus, we must decide whether G.S. 15A-1063(1) gives the court authority to declare a mistrial when one of defendant's attorneys testified for the State. A similar case is *State v. Cooley*, 47 N.C. App. 376, 268 S.E. 2d 87, *disc. rev. denied and appeal dismissed*, 301 N.C. 96, 273 S.E. 2d 442 (1980). In *Cooley* testimony was admitted showing that someone other than defendant or his attorney had bribed some of the jurors. The Court held that a court had authority under G.S. 15A-1063(1) to declare a mistrial

where it could reasonably conclude that a fair and impartial trial in accordance with law could not be had. As we view the language of these sections, the draftsman's comments, and the prior case law of this State, we do not believe the General Assembly intended to so limit the authority of trial judges to require that jury trials in criminal cases be free of improper influence. We believe the General Assembly intended to permit trial judges to grant mistrials in cases such as the one *sub judice* under G.S. 15A-1063(1), if constitutionally allowable.

47 N.C. App. at 383-84, 268 S.E. 2d at 92.

A court has the authority to declare a mistrial because the conduct of the attorneys prejudices the fair consideration of the issues by the jury. *Arizona v. Washington*, 434 U.S. 497, 54 L.Ed. 2d 717, 98 S.Ct. 824 (1978). Further, the North Carolina Code of Professional Responsibility provides that:

> If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client.

DR 5-102(B) (1974). Although matters relating to attorneys ordinarily are handled by the State Bar, courts also have authority in this area. *Swenson v. Thibaut*, 39 N.C. App. 77, 109, 250 S.E. 2d 279, 299 (1978), *disc. rev. denied and appeal dismissed*, 296 N.C. 740, 254 S.E. 2d 181 (1979); *In re Bonding Co.*, 16 N.C. App. 272, 275, 192 S.E. 2d 33, 35, *cert. denied and appeal dismissed*, 282 N.C. 426, 192 S.E. 2d 837 (1972).

Here, the court found that "through the testimony of [defendant's attorney] some matter has been established by the State that is prejudicial to [defendant]." The court then declared a mistrial. A ruling on a motion for a mistrial is "addressed to the sound discretion of the trial judge, and his ruling on the motion will not be disturbed on appeal absent a gross abuse of that discretion." *State v. Allen*, 50 N.C. App. 173, 176, 272 S.E. 2d 785, 787 (1980), *appeal dismissed*, 302 N.C. 399, 279 S.E. 2d 353 (1981); *see also State v. McCraw*, 300 N.C. 610, 620, 268 S.E. 2d 173, 179 (1980).

The attorney's testimony conflicted with the arresting officer's testimony as to what happened on the night defendant was arrested. If the jury chose to believe the officer, then the attorney's credibility, not only as a witness but as an attorney, was lessened considerably. Also, since the attorney had been subpoenaed prior to trial, defendant had notice that his attorney would be called as a witness and could have taken steps to avoid the situation. The court determined that the testimony did in fact prejudice defendant. As the United States Supreme Court once stated, "the overriding interest in the evenhanded administration of justice requires that we accord the highest degree of respect to

the trial judge's evaluation [of whether a mistrial is necessary]."
*Arizona v. Washington, supra,* 434 U.S. at 511, 54 L.Ed. 2d at 732,
98 S.Ct. at 833. We find no abuse of discretion and thus hold that
the court did not err in declaring a mistrial.

**[2]** Defendant contends the court erred in admitting  testimony
relating to the offense of driving under the influence. Specifically,
defendant contends the court should not have allowed evidence
concerning defendant's operation of the vehicle prior to the time
he was stopped and of his behavior after he was stopped. He con-
tends this was not relevant to the offense of operating a motor
vehicle upon the public street or highways of the State of North
Carolina with a blood alcohol content of 0.10% or more.

"The general rule is that in a prosecution for a particular
crime, the State cannot offer evidence tending to show that the
accused has committed another distinct, independent, or separate
offense." *State v. McClain,* 240 N.C. 171, 173, 81 S.E. 2d 364, 365
(1954). On the other hand, the mere fact that evidence tends to
prove the commission of another crime does not automatically
mean the evidence must be excluded. *Id.* at 177, 81 S.E. 2d at 368.
As our Supreme Court once stated:

> Evidence is relevant if it has any logical tendency to
> prove a fact at issue in a case, Stansbury N.C. Evidence 2d
> Ed. § 77, and in a criminal case every circumstance calcu-
> lated to throw any light upon the supposed crime is admis-
> sible and permissible. *State v. Hamilton,* 264 N.C. 277, 141
> S.E. 2d 506; *State v. Knight,* 261 N.C. 17, 134 S.E. 2d 101;
> *State v. Ham,* 224 N.C. 128, 29 S.E. 2d 449.

*State v. Arnold,* 284 N.C. 41, 47, 199 S.E. 2d 423, 427 (1973).

Here, the fact in issue was whether defendant had a blood
alcohol content of 0.10% or more. Although defendant registered
a 0.10 on the breathalyzer test, there also was evidence that
defendant had not had anything to drink in over three hours. The
evidence complained of tended to substantiate the results of the
breathalyzer test. Thus, it was admissible.

Defendant's next contention is that the court erred in sus-
taining the State's objections to questions directed to the ar-
resting officer on cross-examination. The questions pertained to

the actions of the officer in crossing the dividing line of the highway and any instructions he gave defendant after he was stopped. Defendant contends the evidence was relevant and should have been admitted. Assuming, *arguendo*, that the court erred in excluding the testimony, defendant has not met his burden of showing prejudice. Defendant must show that "had the error in question not been committed, a different result would have been reached." G.S. 15A-1443(a). Since evidence was presented on each of the elements of the offense, it is unlikely a different result would have been reached. Thus, the court did not err in excluding the testimony of the officer.

[3] Defendant contends the court also erred in excluding testimony of another officer. The relevant portion of the testimony is as follows:

Q. Would you describe your position as you stood on the bumper of your car?

Objection.

Sustained.

Q. If your honor, please—

COURT: THE OBJECTION HAS BEEN SUSTAINED.

Q. Did you stand up, sit down, or lay down on your bumper, officer?

OBJECTION.

SUSTAINED.

Defendant contends this evidence was relevant because it related to the circumstances leading to the surveillance and arrest of defendant. Other evidence was admitted, however, of what the officer saw in the parking lot. Further, defendant has failed to show that "a different result would have been reached" if the jurors had known the position of the officer on the bumper of his car.

No error.

Judges ARNOLD and WEBB concur.