STATE OF NORTH CAROLINA v. LILLY LYONS

No. 8510SC349

(Filed 29 October 1985)

1. **Criminal Law § 128.2— improper question on cross-examination of defendant— mistrial**

    The trial court did not abuse its discretion in granting defense counsel's motion for a mistrial in a prosecution for assault on a school teacher when the prosecutor asked defendant a question on cross-examination relating to her state of mind at the time she murdered her husband and defendant asked whether she was being retried for murder, even though defendant stated that she wanted the trial to proceed, where the court had ruled that the jury could consider defendant's prior murder conviction only as it might relate to defendant's credibility, and the court determined that under the circumstances there was a probability that the jury would consider defendant's prior conviction in a manner prejudicial to defendant and thus prevent a fair trial.

2. **Constitutional Law § 49— defendant appearing pro se—failure to give statutory instructions**

    The trial court erred in allowing defendant to proceed *pro se* without giving her the instructions provided in G.S. 15A-1242 notwithstanding the court had a lengthy discussion with defendant regarding the case.

APPEAL by defendant from *Barnette, Judge.* Judgment entered 10 December 1984 in Superior Court, WAKE County. Heard in the Court of Appeals 16 October 1985.

Defendant was charged in a proper warrant with assault on a school teacher when the "school teacher was attempting to discharge a duty of her office," in violation of G.S. 14-33. After a trial by a jury, defendant was found guilty as charged and appealed from a judgment imposing a jail sentence of six months.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Doris J. Holton, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Geoffrey C. Mangum, for defendant, appellant.*

HEDRICK, Chief Judge.

[1] By her first assignment of error defendant contends she has been subjected to "double jeopardy" because her first trial ended when the judge declared a "mistrial." The record discloses that during the first trial, the State asked defendant on cross-examination a question regarding her prior conviction of killing her husband. Defendant's counsel made a motion for mistrial which was granted. Defendant, Lilly Lyons, stated that she wanted the trial to proceed. Defendant now argues that the trial judge abused his discretion when, over defendant's objection, he granted the mistrial. We do not agree.

Defendant will hardly be heard to complain about the court's granting her own motion for a mistrial. Assuming, however, that the trial court granted the motion over defendant's objection, there is nothing in this record to indicate that the trial court abused its discretion in ordering a mistrial.

Under G.S. 15A-1063(1) a judge may declare a mistrial, upon a motion of a party or upon his own motion, if "[i]t is impossible for the trial to proceed in conformity with law." This statute allows a judge, over the defendant's objection, to grant a mistrial where he could reasonably conclude that the trial will not be fair and impartial. *State v. Malone*, 65 N.C. App. 782, 310 S.E. 2d 385, *disc. rev. denied and appeal dismissed*, 311 N.C. 405, 319 S.E. 2d 277 (1984); *State v. Cooley*, 47 N.C. App. 376, 268 S.E. 2d 87, *disc. rev. denied and appeal dismissed*, 301 N.C. 96, 273 S.E. 2d 442 (1980).

A plea of former jeopardy will not preclude a subsequent trial of a defendant, where the mistrial was ordered, over defendant's objections, due to "physical necessity or the necessity of doing justice." *State v. Shuler*, 293 N.C. 34, 42-43, 235 S.E. 2d 226, 231 (1977) (citation omitted).

An order of a mistrial on a motion of the court is "addressed to the sound discretion of the trial judge, and his ruling on the motion will not be disturbed on appeal absent a gross abuse of that discretion." *State v. Malone*, 65 N.C. App. at 785, 310 S.E. 2d at 387 (citations omitted). To ensure that mistrial is declared only for necessity, G.S. 15A-1064 provides: "Before granting a mistrial, the judge must make finding of facts with respect to the grounds for the mistrial and insert the findings in the record of the case."

The purpose of this statute is to protect the constitutional rights of defendants and to facilitate the process of appellate review. *State v. Jones*, 67 N.C. App. 377, 313 S.E. 2d 808 (1984).

In the present case, the trial court made findings of fact that defendant made a motion to suppress questions by the district attorney relating to a prior conviction of defendant for first degree murder and that this motion had been denied to allow the jurors to consider the conviction as it might relate to defendant's credibility. The court also found that during cross-examination the district attorney asked a question relating to defendant's state of mind at the time of the murder of her husband and that defendant asked whether she was being retried for murder. On this basis, the judge's conclusion that there was a probability that the jury would consider the prior conviction in a manner that would be prejudicial to defendant and thus prevent a fair trial was reasonable. The judge's findings of fact are sufficient to show necessity for the mistrial. Under these circumstances, we believe that the judge properly exercised his discretion.

[2] Based on exceptions duly noted in the record and brought forward and argued in her brief, defendant further contends that the trial judge erred in requiring her to proceed without counsel representing her and allowing her to proceed pro se without giving her the instructions provided in G.S. 15A-1242, which in pertinent part provides:

A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel only after the trial judge makes thorough inquiry and is satisfied that the defendant:

(1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;

(2) Understands and appreciates the consequences of this decision; and

(3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.

In responding to defendant's contentions in her brief, the State merely states that the trial judge did not err under this factual

situation where "defendant's contumacious behavior made it impossible for [her] attorneys . . . to effectively represent her." The State does not respond to defendant's argument that the trial judge did not comply with G.S. 15A-1242 when defendant chose to undertake to represent herself.

We have held that the provisions of G.S. 15A-1242 are mandatory in every case where defendant requests to proceed pro se. *State v. Michael*, 74 N.C. App. 118, 327 S.E. 2d 263 (1985). In the present case, although the trial judge had a lengthy discussion with defendant regarding the case, he did not advise her of the consequences of her decision to proceed pro se or the nature of the charges and proceedings and the range of permissible punishments. Because of this error, defendant is entitled to a new trial.

The judgment is reversed and the cause remanded to superior court for a new trial.

New trial.

Judges BECTON and PARKER concur.