THE NORTH CAROLINA STATE BAR v. CLYDE C. RANDOLPH, JR., ATTORNEY

No. 153PA89

(Filed 7 December 1989)

1. Appeal and Error § 9 (NCI3d) — moot questions — discretion of Supreme Court to consider

The Supreme Court may, if it chooses, consider a moot question that involves a matter of public interest, is of general

importance, and deserves prompt resolution. A jurisdictional dispute between the superior court and the North Carolina State Bar presents such a question.

**Am Jur 2d, Appeal and Error § 768.**

2. **Attorneys at Law § 10 (NCI3d)— attorney grievance filed with State Bar—no authority by superior court to dismiss**

The North Carolina State Bar and the trial courts of this state share concurrent jurisdiction over matters of attorney discipline. A superior court judge thus erred in entering a judgment naming the State Bar as a party and purporting to dismiss a grievance proceeding filed with the State Bar against defendant attorney.

**Am Jur 2d, Attorneys at Law §§ 28, 29.**

ON discretionary review prior to a determination by the Court of Appeals, pursuant to N.C.G.S. § 7A-31(b), of an order by *Rousseau, J.,* filed on 17 March 1989 in Superior Court, FORSYTH County. Calendared for argument in the Supreme Court 15 November 1989; determined on the briefs without oral argument pursuant to N.C.R. App. P. 30(d).

*B. E. James and Carolin D. Bakewell for plaintiff-appellant.*

*Nichols, Caffrey, Hill, Evans and Murrelle, by William D. Caffrey, for defendant-appellee.*

PER CURIAM.

Plaintiff is an agency of the State of North Carolina with statutory power over the discipline of attorneys. N.C.G.S. §§ 84-15, -23 (1985). Defendant is a duly licensed attorney who practices in Forsyth County, North Carolina. While serving as attorney for an estate, defendant paid himself, from the estate, an attorney's fee of $98,000 for his services in settling an insurance claim on behalf of the estate. The administratrix filed a civil action against defendant, alleging that the fee was unauthorized and excessive. She also filed a grievance with plaintiff, alleging that defendant had violated plaintiff's Rules of Professional Conduct. *See* Rules of Professional Conduct of The North Carolina State Bar (1989). Both the trial court and the plaintiff exonerated defendant of any wrongdoing in the handling of the estate and payment of the fee.

**N.C. STATE BAR v. RANDOLPH**

[325 N.C. 699 (1989)]

This appeal arises from a judgment of the trial court purporting to dismiss the grievance proceeding filed with plaintiff. Plaintiff moved pursuant to N.C.G.S. § 1A-1, Rule 60 for a modification of the judgment to delete those portions naming plaintiff as a party and dismissing the grievance. The trial court denied the motion, and plaintiff appealed. On 8 June 1989 we allowed plaintiff's petition for discretionary review prior to a determination by the Court of Appeals. N.C.G.S. § 7A-31(b) (1986). We now reverse.

[1] Defendant argues that because both the trial court and the plaintiff have exonerated him of any wrongdoing, no controversy exists, and this Court should not hear the appeal. "[A]s a general rule[,] this Court will not hear an appeal when the subject matter of the litigation has been settled between the parties or has ceased to exist." *Kendrick v. Cain*, 272 N.C. 719, 722, 159 S.E.2d 33, 35 (1968). Even if moot, however, this Court may, if it chooses, consider a question that involves a matter of public interest, is of general importance, and deserves prompt resolution. *Matthews v. Dept. of Transportation*, 35 N.C. App. 768, 770, 242 S.E.2d 653, 654 (1978); *Leak v. High Point City Council*, 25 N.C. App. 394, 397, 213 S.E.2d 386, 388 (1975); *see also Netherton v. Davis*, 234 Ark. 936, 355 S.W.2d 609 (1962); *Walker v. Pendarvis*, 132 So.2d 186 (Fla. 1961); *Payne v. Jones*, 193 Okla. 609, 146 P.2d 113 (1944); 5 C.J.S. *Appeal and Error* § 1354(1) (1958). We conclude that a jurisdictional dispute between the superior court and the North Carolina State Bar presents such a question.

[2] The North Carolina General Assembly has vested plaintiff with control of the discipline of attorneys practicing law in this state. N.C.G.S. § 84-23 (1985). It has provided, however, that this empowerment does not disable or abridge "the inherent power of the court to deal with its attorneys." N.C.G.S. § 84-36 (1985). Thus, plaintiff and the trial courts of this state share concurrent jurisdiction over matters of attorney discipline. Our Court of Appeals has stated correctly:

It is true that . . . questions relating to the propriety and ethics of an attorney are ordinarily for the consideration of the North Carolina State Bar. . . . G.S. 84-36 specifically provides, however, that the provisions of [N.C.G.S. ch. 84] are not to be construed as disabling or abridging the inherent powers of a court to deal with its attorneys. Furthermore, it has been held repeatedly that in North Carolina there are

two methods by which disciplinary action or disbarment may be imposed upon attorneys—statutory and judicial.

*In re Bonding Co.,* 16 N.C. App. 272, 275, 192 S.E.2d 33, 35, *cert. denied and appeal dismissed,* 282 N.C. 426, 192 S.E.2d 837 (1972) (citations omitted). *See also State v. Malone,* 65 N.C. App. 782, 785, 310 S.E.2d 385, 387, *disc. rev. denied and appeal dismissed,* 311 N.C. 405, 319 S.E.2d 277 (1984); *Swenson v. Thibaut,* 39 N.C. App. 77, 109, 250 S.E.2d 279, 299 (1978), *disc. rev. denied and appeal dismissed,* 296 N.C. 740, 254 S.E.2d 181 (1979) (statutory power in State Bar and inherent power in court "co-equal and co-extensive").

The trial court thus erred in naming plaintiff as a party and dismissing the grievance proceeding against defendant, and in denying plaintiff's motion to delete those portions of the judgment. Accordingly, the order denying plaintiff's motion to modify the judgment entered on 3 May 1988, *nunc pro tunc* 22 April 1988, is reversed, and the cause is remanded to the Superior Court, Forsyth County, for entry of an order allowing the motion.

Reversed and remanded.