701 S.E.2d 324 (2010)
In the Matter of B.G.
No. COA10-168.
Court of Appeals of North Carolina.
November 2, 2010.
Deputy County Attorney Thomas W. Jordan, Jr., for petitioner-appellee Durham County Department of Social Services.
Poyner Spruill LLP, by John W. O'Hale, Raleigh, for guardian ad litem.
Appellate Defender Staples Hughes, by Assistant Appellate Defender Annick Lenoir-Peek, for respondent-appellant father.
STEELMAN, Judge.
Where B.G. has reached the age of majority, the trial court no longer has jurisdiction over this matter and Father's arguments are rendered moot.

I. Factual and Procedural Background
B.G. was born in October 1992. Father gained custody of B.G. in 1997, and cared for her until 2001, when he was convicted of assault and had to serve a six-month sentence in jail. B.G.'s mother, who is not a party to this appeal, gained custody of B.G. and cared for her until 2005. The history of this case since 2005, is found in our prior opinion in In re B.G., 191 N.C.App. 399, 663 S.E.2d 12 (2008) (unpublished) (B.G. I) and is not repeated. On 11 October 2007, the trial court entered a permanency planning order concluding that it was in the best interests of B.G. to continue in the physical custody of her maternal aunt and uncle and that she be placed in joint legal custody with Father and her aunt and uncle. B.G. was to have a structured plan of visitation with Father. DSS and B.G.'s guardian ad litem were relieved of their duties and the case was removed from the active juvenile docket. Father appealed.
On review, this Court reversed the permanency planning order and remanded for further findings of fact pursuant to N.C. Gen. Stat. § 7B-907, and to determine whether respondent had properly raised a constitutional issue, which could not be resolved by appellate review as the recording device had failed to record the hearing. Id. On 8 October 2008, the trial court entered a new order with additional findings of fact, but reached the same conclusions as in the 11 October 2007 order. Father appealed from the new order.
*325 In an opinion filed 16 June 2009, we affirmed the order in part and reversed and remanded in part. In re B.G., 197 N.C.App. 570, 677 S.E.2d 549 (2009) (B.G. II). We determined that the trial court had erred in balancing the constitutional rights of Father against the best interests of the child without first determining that Father was either unfit or that he acted inconsistently with his constitutional right to parent. Id. at 573-74, 677 S.E.2d at 552. This Court stated, "[a]lthough there may be evidence in the record to support a finding that [Father] acted inconsistently with his custodial rights, it is not the duty of this Court to issue findings of fact." Id. This Court reversed the order of the trial court and remanded for reconsideration with an instruction "to carefully revisit the custody issue in light of the principles of law articulated in this opinion[,]" given the "gravity of the constitutional right involved in this case[.]" Id. at 578, 677 S.E.2d at 554.
A new hearing was held on 28 August 2009. The trial court determined that it would make new findings of fact based on the existing record after hearing arguments from counsel. At the hearing, Father argued that it was in the best interests of B.G. to move to Greensboro to live with him during her senior year of high school.
On 2 December 2009, the trial court entered an order in which it concluded that Father had acted inconsistently with his constitutionally protected right to custody and that it was in the best interests of B.G. that she be placed in the joint legal custody of Father and her maternal aunt and uncle, with primary physical custody being with the aunt and uncle, who resided in Durham. Father appeals.

II. Mootness
In October[1] 2010, B.G. reached the age of majority. Jurisdiction in juvenile cases is retained by the trial court "until terminated by order of the court or until the juvenile reaches the age of 18 years or is otherwise emancipated, whichever occurs first." N.C. Gen.Stat. § 7B-201 (2009). Even if we were to find that the trial court's order was deficient and reversed and remanded the case for further proceedings, the trial court would lack jurisdiction to enter any subsequent orders pertaining to B.G. This Court has stated:
"A case is `moot' when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy." Roberts v. Madison County Realtors Ass'n, 344 N.C. 394, 398-99, 474 S.E.2d 783, 787 (1996). Further, "[w]henever, during the course of litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law." Dickerson Carolina, Inc. v. Harrelson, 114 N.C.App. 693, 697, 443 S.E.2d 127, 131, disc. review denied, 337 N.C. 691, 448 S.E.2d 520 (1994) (internal quotation marks omitted).
In re Stratton, 159 N.C.App. 461, 463, 583 S.E.2d 323, 324, appeal dismissed, 357 N.C. 506, 588 S.E.2d 472 (2003). Father's arguments on appeal have been rendered moot. This appeal must be dismissed.
DISMISSED.
Judges STEPHENS and ERVIN concur.
NOTES
[1] The exact birth date of B.G. is not included in the record on appeal to protect the juvenile's identity.