IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA18-1222

Filed: 17 March 2020

Guilford County, No. 16 JA 181

IN THE MATTER OF: A.K.G.

Appeal by respondent from order entered 26 March 2018 by Judge Lora C. Cubbage in Guilford County District Court. Heard in the Court of Appeals 31 October 2019.

*Christopher L. Carr and Taniya Reaves for petitioner-appellee Guilford County Department of Health and Human Services.*

*Anné C. Wright for respondent-appellant father.*

*Administrative Office of the Courts, by GAL Appellate Counsel Matthew D. Wunsche, for guardian ad litem.*

DIETZ, Judge.

Respondent appeals a permanency planning order that changed the permanent plan for his daughter Adele.[1] While this appeal was pending, Adele reached the age of majority, thus terminating the trial court's juvenile jurisdiction.

This Court ordered supplemental briefing to address whether the appeal is now moot. After reviewing the parties' submissions, we hold that Respondent's appeal does not fall within any applicable exceptions to the mootness doctrine.

---

[1] We use a pseudonym to protect the juvenile's identity.

The challenged order, which merely changed Adele's permanent plan, does not create the sort of collateral consequences that exist with an order adjudicating a juvenile as neglected or an order terminating parental rights. Similarly, there is nothing about the trial court's fact-bound permanency planning decision, unique to this particular case, that could warrant application of the public interest exception. Finally, the particularized trial court errors that Respondent asserts in this appeal are not the sort of issues that are "capable of repetition yet evading review" so as to preclude mootness.

We therefore dismiss this appeal as moot. We note, however, that our State's appellate system goes to rather extraordinary lengths to expedite these juvenile cases and it is, and should be, rare for a juvenile case to be rendered moot in this way.

**Facts and Procedural History**

In 2016, the Guilford County Department of Health and Human Services filed a petition alleging Adele was a neglected and dependent juvenile and took custody of Adele later that day. After a hearing, the trial court entered an order adjudicating Adele to be a neglected and dependent juvenile. The court set Adele's primary permanent plan of care as reunification with a parent and set her secondary plan as guardianship with a relative.

Following this initial adjudication, the trial court conducted a series of permanency planning review hearings. In 2017, the trial court changed the primary

permanent plan to guardianship with a relative with reunification as the secondary plan. Then, in 2018, the trial court changed the primary permanent plan to adoption and the secondary plan to guardianship with a relative, thus ceasing reunification efforts with Respondent. The court found Respondent was making some progress on his case plan, but that he failed to address his past issues with domestic violence. Respondent appealed the trial court's order on 25 September 2018. The case was heard by this Court on 31 October 2019. Adele reached eighteen years of age several days later.

## Analysis

Respondent appeals the trial court's permanency planning order, arguing that the trial court failed to make sufficient findings and improperly ceased reunification efforts and set Adele's permanent plan as adoption.

While this appeal was pending, Adele reached eighteen years of age. In a juvenile proceeding, "jurisdiction shall continue until terminated by order of the court or until the juvenile reaches the age of 18 years or is otherwise emancipated, whichever occurs first." N.C. Gen. Stat. § 7B-201(a). Thus, the trial court no longer has subject matter jurisdiction in this proceeding and the permanent plan is no longer in effect. This, in turn, means that even if this Court determined that the trial court erred in its order changing Adele's permanent plan, we could not remand the matter

to correct that error and our ruling would have no practical effect. *Id.*; *see also* N.C. Gen. Stat. § 7B-1000(b).

Ordinarily, this Court must dismiss an appeal as moot when "a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy." *In re B.G.*, 207 N.C. App. 745, 747, 701 S.E.2d 324, 325 (2010). But there are a narrow set of exceptions to the mootness doctrine, some of which apply to juvenile proceedings. We asked the parties for supplemental briefing to assess whether this appeal is moot. Respondent offered three arguments against mootness. We address those arguments in turn below.

First, Respondent contends that the challenged permanency planning order might have adverse "collateral consequences" for him. An appeal from a juvenile ruling "which creates possible collateral legal consequences for the appellant is not moot." *In re A.K.*, 360 N.C. 449, 453, 628 S.E.2d 753, 755 (2006). In other words, although the *juvenile* (now an adult) is no longer affected by the challenged order, the case might not be moot if the order could have future adverse effects on the *parent* who filed the appeal.

For example, our Supreme Court has held that an order adjudicating a child as neglected is not mooted when the juvenile reaches the age of majority because the finding of neglect can be used to support an adjudication of neglect for other children living in the same home. *Id.* at 456–57, 628 S.E.2d at 757–58. Similarly, this Court

has held that an order terminating parental rights has possible collateral consequences because it can be used to support termination of the parent's rights to another child. *In re C.C.*, 173 N.C. App. 375, 379, 618 S.E.2d 813, 816–17 (2005).

Respondent concedes that the *legal effect* of an order changing a juvenile's permanent plan, unlike an order adjudicating a juvenile as neglected or terminating parental rights, does not have any collateral consequences. But Respondent contends that the challenged order has collateral legal consequences because it includes unfavorable *findings of fact*, including a finding that Respondent failed to address his ongoing domestic violence issues. Respondent argues that in a future proceeding, such as a custody dispute involving a future child, a court might either take judicial notice of those unfavorable fact findings or rule that Respondent is collaterally estopped from disputing them. We reject this argument.

First, Respondent mischaracterizes the way judicial notice works. A judicially noticed fact is "one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." N.C. R. Evid. 201(b). Findings of fact in a court order from an unrelated legal proceeding are not proper subjects of judicial notice. *See In re K.A.*, 233 N.C. App. 119, 128 n.4, 756 S.E.2d 837, 843 n.4 (2014); *State v. Cooke*, 248 N.C. 485, 493–

94, 103 S.E.2d 846, 852 (1958). Thus, Respondent's judicial notice argument is meritless.

Second, Respondent ignores that the challenged findings are duplicative of other unchallenged findings made by the trial court in orders throughout this juvenile proceeding. Thus, even if a court were to permit the highly disfavored use of non-mutual collateral estoppel to bar Respondent from challenging these unfavorable findings in "a custody dispute regarding a later born child"—and that is, at best, an exceedingly remote possibility—other substantially identical findings would still be available even if those in this order were not. Thus, Respondent has not shown that the challenged order exposes him to any adverse collateral consequences that would not exist without it.

Next, Respondent argues that his appeal falls under the public interest exception to mootness. Again, we reject this argument. A court may choose to hear an otherwise moot appeal if it "involves a matter of public interest, is of general importance, and deserves prompt resolution." *N.C. State Bar v. Randolph*, 325 N.C. 699, 701, 386 S.E.2d 185, 186 (1989). However, "this is a very limited exception that our appellate courts have applied only in those cases involving clear and significant issues of public interest." *Anderson v. North Carolina State Bd. of Elections*, 248 N.C. App. 1, 13, 788 S.E.2d 179, 188 (2016).

Respondent contends that "[t]he best interests of children and the effect of trial court decisions related to these best interests is of public interest and general importance." But that mischaracterizes the scope of the challenged order. The order is, at most, a fact-bound ruling involving the permanent plan for a particular juvenile in a case with particularized facts. The proper resolution of every juvenile case is important both to the litigants and to society as whole. But this case does not present anything so exceptionally important to the public interest that it should be treated as different from all other juvenile cases.

Finally, Respondent argues that the issues raised in this appeal are capable of repetition, yet evading review. This argument, too, is meritless. The capable-of-repetition exception applies only when "(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again." *Boney Publishers, Inc. v. Burlington City Council*, 151 N.C. App. 651, 654, 566 S.E.2d 701, 703–04 (2002). Thus, this exception applies to cases in which the underlying lawsuit involves some action that is capable of repetition. It does not apply in a case like this one, where a litigant argues that the trial court made legal errors in its fact findings and legal conclusions that are particular to the case.

In sum, this appeal is moot and we are unable to adjudicate the merits of Respondent's claims. We note that our State's appellate system has taken a number

of steps to ensure that juvenile cases will not be mooted on appeal, including rather extraordinary departures from the usual rules governing preparation of the record, drafting of briefs, and the availability of extensions of time. *See* N.C. R. App. P. 3.1. Juvenile cases that are rendered moot while an appeal is pending are rare. But it can happen and here it did. The challenged order, which did nothing more than change the permanent plan for Adele, was rendered moot when Adele reached the age of majority, depriving the trial court of any further jurisdiction over the matter.

## Conclusion

We dismiss Respondent's appeal as moot.

DISMISSED.

Judges STROUD and HAMPSON concur.