IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-601

Filed: 5 May 2020

Union County, No. 18 CVS 2113

STATE OF NORTH CAROLINA *ex rel.* JOSEPH POLLINO and KIMBERLY VANDENBERG, Plaintiffs,

v.

MARY G. SHKUT, Defendant.

Appeal by plaintiffs from orders entered 5 October 2018, 6 December 2018, and 12 March 2019, and appeal by defendant from order entered 12 March 2019 by Judge Christopher W. Bragg in Union County Superior Court. Heard in the Court of Appeals 21 January 2020.

> *The Brough Law Firm, PLLC, by T.C. Morphis, Jr., for plaintiffs-appellants and cross-appellees.*

> *Weaver, Bennett & Bland, P.A., by Bo Caudill, Michael David Bland, and Abbey M. Krysak, for defendant-appellee and cross-appellant.*

DIETZ, Judge.

Plaintiffs Joseph Pollino and Kimberly Vandenberg brought a *quo warranto* action against Defendant Mary Shkut seeking a declaration that Shkut's appointment to the Village of Marvin's village council was unlawful.

The trial court dismissed the action for failure to timely serve the summons and complaint, leading to a long series of procedural battles and, ultimately, this appeal. But, while this appeal was pending, Shkut left the village council. As a result,

this appeal is now moot and does not fall within any exception to the mootness doctrine. We therefore dismiss this portion of the appeal as no longer justiciable.

Shkut cross-appealed the denial of a motion for sanctions and that issue is not moot. But, for the reasons explained below, the trial court properly determined that it could not grant the relief Shkut sought. Accordingly, we affirm the order denying Shkut's motion for sanctions.

## Facts and Procedural History

The Village of Marvin is a municipal corporation in Union County and is governed by the Marvin Village Council, which consists of four members and the mayor. During a council meeting in 2018, council member Ron Salimao moved to suspend the procedural rules for council meetings so he could tender his resignation from office and have the council vote to appoint Defendant Mary Shkut as his replacement. Plaintiffs Joseph Pollino, mayor of Marvin, and Kimberly Vandenberg, a council member at the time, objected to Salimao's motion and to Shkut's appointment. Nevertheless, the council, by majority vote, accepted Salimao's resignation and appointed Shkut.

Plaintiffs then filed a *quo warranto* action pursuant to N.C. Gen. Stat. § 1-516 challenging the lawfulness of Shkut's appointment. Several months later, the trial court dismissed Plaintiffs' complaint for failure to timely effect service. Plaintiffs

moved to reconsider the dismissal and to alter or amend the judgment under Rule 59 of the North Carolina Rules of Civil Procedure, but the court denied the motion.

Plaintiffs then filed their first appeal to this Court, challenging the dismissal of their complaint. Shkut moved to dismiss that appeal as untimely. That same day, Shkut also filed a motion for sanctions against the law firm representing Plaintiffs.

The trial court granted Shkut's motion to dismiss Plaintiffs' appeal as untimely. The court denied Shkut's motion for sanctions. Both Plaintiffs and Shkut then appealed to this Court and filed various procedural motions and petitions.

## Analysis

### I. Plaintiffs' Appeal - Mootness

While this appeal was pending, Plaintiffs filed a "Notice of Mootness and Motion for Hearing" informing the Court that Shkut's term of office on the Village Council ended when new council members were sworn in on 18 December 2019. Plaintiffs thus acknowledge that "portions of the appeals" are now moot. We agree.

"Whenever, during the course of litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should be dismissed" as moot. *Dickerson Carolina, Inc. v. Harrelson,* 114 N.C. App. 693, 697, 443 S.E.2d 127, 131 (1994).

Here, the only relief Plaintiffs seek in their complaint is a declaration that Shkut's appointment to the Village Council was unlawful. As Plaintiffs concede in

their notice, "[g]iven that [Shkut] no longer holds office and given that neither party has challenged the validity of actions taken by the Council during [Shkut's] term in office, the portions of the appeals challenging her right to hold office are now moot."

Nevertheless, Plaintiffs contend that, although otherwise moot, this dispute remains justiciable because it satisfies the "public importance" exception to mootness. Under this exception, we may adjudicate an appeal, despite mootness issues, if it "involves a matter of public interest, is of general importance, and deserves prompt resolution." *North Carolina State Bar v. Randolph,* 325 N.C. 699, 701, 386 S.E.2d 185, 186 (1989). But "this is a very limited exception that our appellate courts have applied only in those cases involving clear and significant issues of public interest." *Anderson v. North Carolina State Bd. of Elections*, 248 N.C. App. 1, 13, 788 S.E.2d 179, 188 (2016).

This case does not meet the high standard for application of the public interest exception. First, although one might argue that a lawsuit addressing whether a public official properly holds her office is a matter of significant public importance, that is not what this appeal is about. The trial court dismissed Plaintiffs' suit for failure to timely serve the summons and complaint. All of the issues raised in this appeal are procedural in nature and address rather mundane aspects of litigation that are not of any particular public importance.

Plaintiffs contend that resolution of this appeal will aid "future litigants" in understanding the law that applies to "service of the summons and complaint in a *quo warranto* action." But we see nothing in our jurisprudence on this question that is either so urgent or so important that we must answer this question now. In our view, Plaintiffs seek "to fish in judicial ponds for legal advice." *Id.* at 13, 788 S.E.2d at 189. We therefore hold that this appeal is not sufficiently exceptional to warrant application of the public interest exception to mootness. Accordingly, we dismiss Plaintiffs' appeal as moot and no longer justiciable.

## II. Shkut's Appeal - Motion for Sanctions

Shkut cross-appealed in this case, arguing that the trial court erred by denying her motion for sanctions against the law firm that represented Plaintiffs in the trial court.

In her motion, Shkut alleged that the law firm representing Plaintiffs impermissibly billed the Village of Marvin for legal services as part of this *quo warranto* suit. Shkut contends that these attorneys' fees violated a statutory provision governing *quo warranto* suits, N.C. Gen. Stat. § 1-521, which states that "[i]t is unlawful to appropriate any public funds to the payment of counsel fees in any such action." Shkut argues that the trial court had authority to grant her motion, and to sanction the law firm and its counsel, based on the trial court's "inherent authority to govern the conduct of attorneys that practice before" the court.

This argument is meritless for several reasons. First, although trial courts have authority to impose sanctions on attorneys in certain circumstances and under certain rules, none of those rules or circumstances are implicated here. *See, e.g.*, N.C. R. Civ. P. 11 and 37(g). Shkut's motion is, in effect, a request for a declaratory judgment that the Village of Marvin violated N.C. Gen. Stat. § 1-521 by appropriating public funds for counsel fees in a *quo warranto* action, and a corresponding mandatory injunction forcing the law firm to repay the money.

A request for a declaratory judgment that a municipality violated our General Statutes cannot be made in a motion for sanctions against a private party in a separate legal action. *Conner v. North Carolina Council of State*, 365 N.C. 242, 258–59, 716 S.E.2d 836, 846–47 (2011). To obtain this sort of declaratory and injunctive relief, Shkut must bring her own civil action or bring a counterclaim or crossclaim against the proper parties in an appropriate, pending proceeding.

Second, although there are circumstances in which a trial court may discipline counsel for unethical conduct, Shkut did not identify any ethical rules that the law firm and its lawyers violated. *See generally Boyce v. North Carolina State Bar*, 258 N.C. App. 567, 575–76, 814 S.E.2d 127, 133 (2018). Indeed, Shkut's motion for sanctions did *not* seek ethical discipline—it instead requested declaratory and injunctive relief to force a law firm to repay funds to the Village of Marvin.

Accordingly, the trial court properly determined that it could not grant Shkut the relief she sought in her unusual motion for sanctions.

## Conclusion

We dismiss Plaintiffs' appeal as moot and affirm the trial court's denial of Shkut's motion for sanctions.

DISMISSED IN PART; AFFIRMED IN PART.

Judges TYSON and INMAN concur.