IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-601

 Filed: 5 May 2020

Union County, No. 18 CVS 2113

STATE OF NORTH CAROLINA ex rel. JOSEPH POLLINO and KIMBERLY
VANDENBERG, Plaintiffs,

 v.

MARY G. SHKUT, Defendant.

 Appeal by plaintiffs from orders entered 5 October 2018, 6 December 2018, and

12 March 2019, and appeal by defendant from order entered 12 March 2019 by Judge

Christopher W. Bragg in Union County Superior Court. Heard in the Court of Appeals

21 January 2020.

 The Brough Law Firm, PLLC, by T.C. Morphis, Jr., for plaintiffs-appellants
 and cross-appellees.

 Weaver, Bennett & Bland, P.A., by Bo Caudill, Michael David Bland, and
 Abbey M. Krysak, for defendant-appellee and cross-appellant.

 DIETZ, Judge.

 Plaintiffs Joseph Pollino and Kimberly Vandenberg brought a quo warranto

action against Defendant Mary Shkut seeking a declaration that Shkut’s

appointment to the Village of Marvin’s village council was unlawful.

 The trial court dismissed the action for failure to timely serve the summons

and complaint, leading to a long series of procedural battles and, ultimately, this

appeal. But, while this appeal was pending, Shkut left the village council. As a result,
 STATE OF NORTH CAROLINA V. SHKUT

 Opinion of the Court

this appeal is now moot and does not fall within any exception to the mootness

doctrine. We therefore dismiss this portion of the appeal as no longer justiciable.

 Shkut cross-appealed the denial of a motion for sanctions and that issue is not

moot. But, for the reasons explained below, the trial court properly determined that

it could not grant the relief Shkut sought. Accordingly, we affirm the order denying

Shkut’s motion for sanctions.

 Facts and Procedural History

 The Village of Marvin is a municipal corporation in Union County and is

governed by the Marvin Village Council, which consists of four members and the

mayor. During a council meeting in 2018, council member Ron Salimao moved to

suspend the procedural rules for council meetings so he could tender his resignation

from office and have the council vote to appoint Defendant Mary Shkut as his

replacement. Plaintiffs Joseph Pollino, mayor of Marvin, and Kimberly Vandenberg,

a council member at the time, objected to Salimao’s motion and to Shkut’s

appointment. Nevertheless, the council, by majority vote, accepted Salimao’s

resignation and appointed Shkut.

 Plaintiffs then filed a quo warranto action pursuant to N.C. Gen. Stat. § 1-516

challenging the lawfulness of Shkut’s appointment. Several months later, the trial

court dismissed Plaintiffs’ complaint for failure to timely effect service. Plaintiffs

 -2-
 STATE OF NORTH CAROLINA V. SHKUT

 Opinion of the Court

moved to reconsider the dismissal and to alter or amend the judgment under Rule 59

of the North Carolina Rules of Civil Procedure, but the court denied the motion.

 Plaintiffs then filed their first appeal to this Court, challenging the dismissal

of their complaint. Shkut moved to dismiss that appeal as untimely. That same day,

Shkut also filed a motion for sanctions against the law firm representing Plaintiffs.

 The trial court granted Shkut’s motion to dismiss Plaintiffs’ appeal as

untimely. The court denied Shkut’s motion for sanctions. Both Plaintiffs and Shkut

then appealed to this Court and filed various procedural motions and petitions.

 Analysis

 I. Plaintiffs’ Appeal - Mootness

 While this appeal was pending, Plaintiffs filed a “Notice of Mootness and

Motion for Hearing” informing the Court that Shkut’s term of office on the Village

Council ended when new council members were sworn in on 18 December 2019.

Plaintiffs thus acknowledge that “portions of the appeals” are now moot. We agree.

 “Whenever, during the course of litigation it develops that the relief sought has

been granted or that the questions originally in controversy between the parties are

no longer at issue, the case should be dismissed” as moot. Dickerson Carolina, Inc. v.

Harrelson, 114 N.C. App. 693, 697, 443 S.E.2d 127, 131 (1994).

 Here, the only relief Plaintiffs seek in their complaint is a declaration that

Shkut’s appointment to the Village Council was unlawful. As Plaintiffs concede in

 -3-
 STATE OF NORTH CAROLINA V. SHKUT

 Opinion of the Court

their notice, “[g]iven that [Shkut] no longer holds office and given that neither party

has challenged the validity of actions taken by the Council during [Shkut’s] term in

office, the portions of the appeals challenging her right to hold office are now moot.”

 Nevertheless, Plaintiffs contend that, although otherwise moot, this dispute

remains justiciable because it satisfies the “public importance” exception to mootness.

Under this exception, we may adjudicate an appeal, despite mootness issues, if it

“involves a matter of public interest, is of general importance, and deserves prompt

resolution.” North Carolina State Bar v. Randolph, 325 N.C. 699, 701, 386 S.E.2d

185, 186 (1989). But “this is a very limited exception that our appellate courts have

applied only in those cases involving clear and significant issues of public interest.”

Anderson v. North Carolina State Bd. of Elections, 248 N.C. App. 1, 13, 788 S.E.2d

179, 188 (2016).

 This case does not meet the high standard for application of the public interest

exception. First, although one might argue that a lawsuit addressing whether a

public official properly holds her office is a matter of significant public importance,

that is not what this appeal is about. The trial court dismissed Plaintiffs’ suit for

failure to timely serve the summons and complaint. All of the issues raised in this

appeal are procedural in nature and address rather mundane aspects of litigation

that are not of any particular public importance.

 -4-
 STATE OF NORTH CAROLINA V. SHKUT

 Opinion of the Court

 Plaintiffs contend that resolution of this appeal will aid “future litigants” in

understanding the law that applies to “service of the summons and complaint in a

quo warranto action.” But we see nothing in our jurisprudence on this question that

is either so urgent or so important that we must answer this question now. In our

view, Plaintiffs seek “to fish in judicial ponds for legal advice.” Id. at 13, 788 S.E.2d

at 189. We therefore hold that this appeal is not sufficiently exceptional to warrant

application of the public interest exception to mootness. Accordingly, we dismiss

Plaintiffs’ appeal as moot and no longer justiciable.

II. Shkut’s Appeal - Motion for Sanctions

 Shkut cross-appealed in this case, arguing that the trial court erred by denying

her motion for sanctions against the law firm that represented Plaintiffs in the trial

court.

 In her motion, Shkut alleged that the law firm representing Plaintiffs

impermissibly billed the Village of Marvin for legal services as part of this quo

warranto suit. Shkut contends that these attorneys’ fees violated a statutory

provision governing quo warranto suits, N.C. Gen. Stat. § 1-521, which states that

“[i]t is unlawful to appropriate any public funds to the payment of counsel fees in any

such action.” Shkut argues that the trial court had authority to grant her motion, and

to sanction the law firm and its counsel, based on the trial court’s “inherent authority

to govern the conduct of attorneys that practice before” the court.

 -5-
 STATE OF NORTH CAROLINA V. SHKUT

 Opinion of the Court

 This argument is meritless for several reasons. First, although trial courts

have authority to impose sanctions on attorneys in certain circumstances and under

certain rules, none of those rules or circumstances are implicated here. See, e.g., N.C.

R. Civ. P. 11 and 37(g). Shkut’s motion is, in effect, a request for a declaratory

judgment that the Village of Marvin violated N.C. Gen. Stat. § 1-521 by appropriating

public funds for counsel fees in a quo warranto action, and a corresponding

mandatory injunction forcing the law firm to repay the money.

 A request for a declaratory judgment that a municipality violated our General

Statutes cannot be made in a motion for sanctions against a private party in a

separate legal action. Conner v. North Carolina Council of State, 365 N.C. 242, 258–

59, 716 S.E.2d 836, 846–47 (2011). To obtain this sort of declaratory and injunctive

relief, Shkut must bring her own civil action or bring a counterclaim or crossclaim

against the proper parties in an appropriate, pending proceeding.

 Second, although there are circumstances in which a trial court may discipline

counsel for unethical conduct, Shkut did not identify any ethical rules that the law

firm and its lawyers violated. See generally Boyce v. North Carolina State Bar, 258

N.C. App. 567, 575–76, 814 S.E.2d 127, 133 (2018). Indeed, Shkut’s motion for

sanctions did not seek ethical discipline—it instead requested declaratory and

injunctive relief to force a law firm to repay funds to the Village of Marvin.

 -6-
 STATE OF NORTH CAROLINA V. SHKUT

 Opinion of the Court

Accordingly, the trial court properly determined that it could not grant Shkut the

relief she sought in her unusual motion for sanctions.

 Conclusion

 We dismiss Plaintiffs’ appeal as moot and affirm the trial court’s denial of

Shkut’s motion for sanctions.

 DISMISSED IN PART; AFFIRMED IN PART.

 Judges TYSON and INMAN concur.

 -7-