IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-215

Filed 3 October 2023

Cumberland County, No. 21 JB 284

IN THE MATTER OF: J.M.

Appeal by Cumberland County Department of Social Services from order entered 9 August 2022 by Judge Cheri Siler-Mack in Cumberland County District Court. Heard in the Court of Appeals 22 August 2023.

*Cumberland County Department of Social Services, by Mariamarta Tye Conrad & Patrick Andrew Kuchyt, for Appellant.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Amanda S. Zimmer, for Appellee.*

*Attorney General Joshua H. Stein, by Assistant Attorney General Caden W. Hayes, for the State-Appellee.*

CARPENTER, Judge.

The Cumberland County Department of Social Services ("CCDSS") appeals from the trial court's order granting CCDSS custody of Janet,[1] the affected juvenile in this case. After careful review, we dismiss this case as moot.

## I. Factual & Procedural Background

On 12 October 2021, Cumberland County filed twenty-one delinquency

---

[1] We shall use this pseudonym to preserve the juvenile's confidentiality.

petitions[2] against Janet, who lived with her grandmother at the time. On 18 October 2021, Hoke County filed nineteen additional delinquency petitions against Janet. On 18 January 2022, Hoke County filed another delinquency petition against Janet. And on 16 June 2022, Cumberland County filed two more delinquency petitions against Janet. All of Janet's petitions involved theft allegations.

On 18 July 2022, Janet admitted to two of the petitions, and on 9 August 2022, she admitted to two other petitions. The State dismissed the remaining petitions. On 9 August 2022, the trial court found Janet delinquent and imposed a "Level 2" disposition. As part of its order (the "Disposition Order"), the trial court placed Janet in the temporary custody of CCDSS. CCDSS timely appealed the Disposition Order to this Court, but only concerning Janet's custody.

On 4 October 2022, the trial court entered a permanency-planning order (the "Planning Order"). In the Planning Order, the trial court ruled that "[CCDSS] is removed as custodian for the juvenile, and there should be no further involvement in these matters by [CCDSS]." The trial court then found "[i]t [wa]s in the best interest of the juvenile that legal and physical custody of the juvenile should be with [her grandmother]." The trial court noted the grandmother's custody "remain[ed] temporary until the disposition of the appeal pursuant to N.C. [Gen.

---

[2] Delinquency petitions serve as charging documents for juveniles.

Stat.] § 7B-2605." Thus, the grandmother's custody of Janet will become permanent after the disposition of this appeal. After entry of the Planning Order, CCDSS's appeal from the Disposition Order remained pending at this Court. On 22 May 2023, the State moved to dismiss this case.

## II. Jurisdiction

We first address whether this Court has jurisdiction to hear this case. Specifically, we consider the State's motion to dismiss the appeal as moot. The State argues the appealed issue is resolved, and thus moot. And CCDSS argues the issue warrants review, despite its resolution. After careful review, we agree with the State.

A case is moot when the appealed controversy is resolved. *Simeon v. Hardin*, 339 N.C. 358, 370, 451 S.E.2d 858, 866 (1994). If a case is moot, it should generally be dismissed. *In re Peoples*, 296 N.C. 109, 148, 250 S.E.2d 890, 912 (1978).

Here, CCDSS's appeal only concerns a portion of the Disposition Order: the trial court's grant of custody to CCDSS. Indeed, "CCDSS is not asking this Court to disturb any other provisions in the Disposition Order." But in the Planning Order, the trial court removed CCDSS as Janet's custodian, and the trial court granted the grandmother custody of Janet. Therefore, this case is moot because CCDSS already received the relief it sought: removal from its role as Janet's custodian. *See Simeon*, 339 N.C. at 370, 451 S.E.2d at 866. So under the general rule, this case must be dismissed as moot. *See In re Peoples*, 296 N.C. at 148, 250 S.E.2d at 912.

Nevertheless, there are five exceptions to this general rule of dismissal: (1) when a defendant voluntarily stops the challenged conduct; (2) when the challenged conduct involves an important public interest; (3) when the challenged conduct evades review but is capable of repetition; (4) when there are adverse collateral consequences of denying review; and (5) when other claims of class members remain. *In re Brooks*, 143 N.C. App. 601, 604–05, 548 S.E.2d 748, 751 (2001).

CCDSS argues two exceptions apply here: the public-interest exception and the capable-of-repetition-yet-evading-review exception. We shall address each argument in turn.

**A. Public-Interest Exception**

Under the public-interest exception, this Court may "consider a question that involves a matter of public interest, is of general importance, and deserves prompt resolution." *N.C. State Bar v. Randolph*, 325 N.C. 699, 701, 386 S.E.2d 185, 186 (1989). But "this is a very limited exception that our appellate courts have applied only in those cases involving clear and significant issues of public interest." *Anderson v. N.C. State Bd. of Elections*, 248 N.C. App. 1, 13, 788 S.E.2d 179, 188 (2016). After all, "self-serving contentions . . . cannot defeat the principle of judicial restraint that sustains our State's mootness doctrine." *Id.* at 14, 788 S.E.2d at 189.

Here, the interests involved are confined to CCDSS, Janet, and Janet's grandmother—not the public. *See Randolph*, 325 N.C. at 701, 386 S.E.2d at 186. Further, the legal standards concerning dispositional orders are clear; this Court

has clarified the standards, and this Court enforces them. *See, e.g., In re I.W.P.*, 259 N.C. App. 254, 263–64, 815 S.E.2d 696, 704 (2018) (discussing the N.C. Gen. Stat. § 7B-2501(c) factors and the controlling caselaw). This case would not clarify the law, nor does it involve any other "clear and significant issues of public interest." *See Anderson*, 248 N.C. App. at 13, 788 S.E.2d at 188.

Thus, because the public-interest exception is "very limited," and resolving this case would only resolve "self-serving contentions," this case falls outside of the exception. *See id*. at 13–14, 788 S.E.2d at 188–89.

## B. Capable of Repetition Yet Evading Review

A case is capable of repetition, yet evades review, "'only in exceptional situations.'" *Id*. at 8, 788 S.E.2d at 185 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 109, 103 S. Ct. 1660, 1669, 75 L. Ed. 2d 675, 689 (1983)). More specifically, a case is capable of repetition, yet evades review, when: (1) the challenged conduct is too fleeting to be litigated before the conduct ends; and (2) there is a reasonable expectation that the complaining party will be affected by the same conduct again. *Id*. at 8, 788 S.E.2d at 185. Under this exception, "the underlying conduct upon which the relevant claim rests [must be] necessarily of such limited duration that the relevant claim cannot be fully litigated prior to its cessation and the same complaining party is likely to be subject to the same allegedly unlawful action in the future." *Chavez v. McFadden*, 374 N.C. 458, 468, 843 S.E.2d 139, 147 (2020).

The first prong requires a brief controversy with a "firmly established" endpoint. *See Anderson*, 248 N.C. App. at 8, 788 S.E.2d at 185. An example of such a controversy includes election misconduct. An election is short, and its conclusion is established by statute and "beyond the control of litigants." *See id.* at 8, 788 S.E.2d at 185. Because an election winner is declared soon after any alleged election misconduct, the scenario is too fleeting to be litigated before the election ends. *See id.* at 8, 788 S.E.2d at 185. Juvenile-custody controversies, however, are not too fleeting to be litigated before the controversy ends. Indeed, we regularly review juvenile-custody cases. *See, e.g.*, *In re K.T.L.*, 177 N.C. App. 365, 373, 629 S.E.2d 152, 158 (2006) (reviewing a dispositional order placing a delinquent juvenile in DSS's custody).

Here, the challenged conduct is this: The trial court granted temporary custody of Janet to CCDSS. Yet CCDSS no longer has custody of Janet; the trial court granted Janet's custody to her grandmother. As mentioned, this Court regularly reviews similar cases; a dispositional order granting juvenile custody is not the type of controversy that evades review because of its short duration. *See In re K.T.L.*, 177 N.C. App. at 373, 629 S.E.2d at 158. Indeed, juvenile custody can last for several years, allowing ample time to litigate. Disputed juvenile custody is not "necessarily of such limited duration that [it] cannot be fully litigated prior to its cessation." *See Chavez*, 374 N.C. at 468, 843 S.E.2d at 147. Therefore, this is not an "exceptional" case that is capable of repetition and evading review. *See*

*Anderson*, 248 N.C. App. at 8, 788 S.E.2d at 185. Because the challenged conduct is not too fleeting to be litigated, we need not reach the second prong of this exception. *See id.* at 8, 788 S.E.2d at 185.

Accordingly, this case is moot, and neither of the tendered exceptions apply. Therefore, we must dismiss this appeal. *See In re Peoples*, 296 N.C. at 148, 250 S.E.2d at 912.

## III.    Conclusion

We hold that this appeal is moot. Therefore, we lack jurisdiction and grant the State's motion to dismiss.

DISMISSED.

Judge ARROWOOD and Judge COLLINS concur.